## GRENVILLE FLINT *vs.* ORIMEL ROGERS.

A presentment of a draft, payable at a particular Bank, to the Cashier for payment at the Bank, on the day it fell due, but after business hours, who refused payment because the acceptors had provided no funds, was held sufficient.

After due demand and refusal of payment, and after notice thereof has been put into the post-office directed to the indorser of a draft resident in another town, an action against such indorser, commenced on the same day, may be maintained, although by the regular course of the mail the notice would not reach him until the next day.

The admission of immaterial testimony furnishes no cause of exception to the ruling of a Judge.

EXCEPTIONS from the Court of Common Pleas.

Assumpsit on a draft, accepted by *Cram, Dutton & Co.* of *Bangor*, and drawn and indorsed by the defendant, residing at *Orono*, dated *Oct.* 15, 1835, and payable at the *Kenduskeag* Bank at *Bangor*, in sixty days from date. The writ was dated *Dec.* 17, 1835, handed to an officer at 6 o'clock, P. M., and served the same evening. The plaintiff. proved by *Rice*, a notary public, that the draft was handed to him by the cashier of the *Mercantile* Bank in the afternoon of the 17th of *December*, after regular banking hours, and that he immediately called at the *Kenduskeag* Bank for payment, which was refused, the Cashier replying, that there were no funds there to pay the draft; that he then protested it for nonpayment, and at 4 o'clock put notices thereof in the Post-office in *Bangor*, directed to the drawer and indorsers at their respective

places of residence. He made no other demand of payment, and returned the draft to the *Mercantile* Bank after protest and notice. He stated, that this was his usual course of proceeding in such cases. The Cashier of the *Kenduskeag* Bank stated, that he had no knowledge that the draft was in that Bank, except when brought in by *Rice*, and that the acceptors of the draft had no funds in the Bank during the three days of grace. He also testified, that the plaintiff directed him to take all necessary steps to hold all the parties to the draft. This was objected to by the defendant, but PERHAM J., then holding the Court, admitted it. The *Bangor* mail for *Orono* then left but once each day, arriving there about eleven o'clock, A. M.

The counsel for the defendant requested the Judge to instruct the jury, that the action could not be maintained upon this evidence.

1. Because the action was prematurely brought.

2. Because the draft was not in the *Kenduskeag* Bank during the banking hours of the three days of grace.

The Judge declined to give the instruction, and a verdict was returned for the plaintiff. The defendant filed exceptions.

*J. Appleton* argued for the defendant.

1. The plaintiff's statement to the Cashier was inadmissible, being no part of any transaction.

2. The action cannot be maintained against the defendant, because no legal demand was made on the acceptors, not having been made at the bank in banking hours, nor on them personally. *Freeman* v. *Boynton*, 7 *Mass. R.* 486; 14 *East*, 500; 5 *Taunt.* 30; *Woodbridge* v. *Brigham*, 13 *Mass. R.* 556; 2 *Hall's S. C. R.* 112, 429; *Shaw* v. *Reed*, 12 *Pick.* 132; 1 *Maule & S.* 29; 2 *Taunt.* 224; 2 *B. & Ad.* 188; 6 *T. R.* 385; *Wing* v. *Davis*, 7 *Greenl.* 31.

3. The action was prematurely brought, having been instituted before the notice could possibly have reached the defendant. 5 *Serg. & R.* 318; 3 *Wend.* 170; 2 *Porter*, 32.

*Blake*, for the plaintiff.

1. After the notice was put into the post-office, the cause of action accrued, and the suit might then be well brought. *Stanton* v.

*Blossom,* 14 *Mass. R.* 116; *Shed* v. *Brett,* 1 *Pick.* 401; *City Bank* v. *Cutter,* 3 *Pick.* 414.

2. The demand made at the Bank of the cashier was sufficient; and if it had not been, there was no necessity for making a demand, as there were no funds of the acceptors there to pay the draft. *Woodbridge* v. *Brigham,* cited for defendant; *Garnett* v. *Woodcock,* 1 *Stark. R.* 475; *Bayley on Bills,* 137; 18 *Johns. R.* 230; *Boston Bank* v. *Hodges,* 9 *Pick.* 420.

3. The testimony of the declarations of the plaintiff was wholly immaterial; the Court did not charge upon it, nor did the jury find in relation to it.

The case was continued for advisement, and the opinion of the Court was subsequently drawn up by

WESTON C. J. — The direction given by the plaintiff to *Dodd,* the cashier of *Kenduskeag* bank, that all the necessary steps should be taken, to charge the parties to the draft, was quite immaterial. If proved to have been taken in behalf of the plaintiff, the defendant would be holden, if there had been no such direction to him; and if not taken, the direction would not help the case. The testimony being immaterial, its admission is no cause of exception.

On the 17th of *December,* 1835, being the last day of grace, the draft was payable at the *Kenduskeag* bank. On that day, but after banking hours, it having been given to a notary for this purpose, he demanded it at the bank, when payment was refused by the cashier, the acceptors having no funds there. The law requiring a demand is satisfied, if the draft was in the bank, or was demanded there, on the day when it fell due. The objection is, that the demand was not seasonable, not having been made on that day, in banking hours. But the cashier, whose duty it is to attend to business of this sort, remaining there, and having returned a negative answer, and it appearing that the acceptors had provided no funds, we hold the demand to have been sufficient.

In *Garnett* v. *Woodcock,* 1 *Stark. R.* 475, it was ruled by Lord *Ellenborough,* that a presentment at a banker's after business hours, is good, if the banker have left some one to give an answer; and his opinion was sustained by the court. *Bayley* in his text, says, no objection can be made to a presentment at a banker's, at

an unseasonable hour, if the banker, or any agent in his behalf, is there at the time of such presentment. And he adopts that principle, as decided in the case cited from *Starkie*, to which he refers. *Bayley on Bills*, 137. There, the answer was given by a boy. Here, the demand was made on the day at the bank, upon the cashier, its regular officer and organ, in the transaction of its business.

A seasonable demand having been made, it was incumbent on the holder, to use due diligence, to give notice to the defendant. This is proved to have been done in this case, by the agency of the notary, before the action was commenced. This having been done, it is well settled, that a right of action thereupon accrues, without waiting for the notice to reach its destination. *Shed v. Brett*, 1 *Pick*. 401. *City Bank v. Cutter*, 3 *Pick*. 414. *Greely & al. v. Thurston*, 4 *Greenl*. 479.

*Exceptions overruled.*