EDWARD THORPE *v.* J. & J. H. PECK & Co.

*Promissory note. Dishonor and notice to endorser.*

A note payable at a bank may be presented there for payment at any time during banking hours on the day of its maturity, and if not paid when so presented, it may be treated as dishonored; and a notice thereof, given immediately and before the close of banking hours on the same day, will charge the endorser.

ASSUMPSIT against the defendants as endorsers of a promissory note signed by H. W. Catlin. Plea, the general issue; trial by the court, March Term, 1855,—PIERPOINT, J., presiding.

The plaintiff introduced in evidence, and proved the execution by H. W. Catlin, and the endorsement by the defendants of the note described in his declaration. In order to charge the defendants as endorsers, the plaintiff proved that on the ninth day of August, 1854, the note was presented for payment at the Commercial Bank in Burlington, during the usual business hours, and was not paid. The business hours of the bank were at that time usually from nine o'clock, A. M., till four o'clock, P. M., but sometimes the bank was kept open later than that hour for business, and any person coming to do business after that hour would, by the practice of the bank at that time, be admitted for business, if an officer of the bank were there. About four o'clock, P. M. of that day, the cashier of the bank took to the store of the defendants in Burlington a written notice of the non-payment of the note for the defendants, and delivered it to one of them.

Upon these facts, the court rendered judgment for the plaintiff for the amount of the note and costs, to which the defendant excepted.

*W. W. Peck* and *E. Harvey* for the defendants.

The note was payable at the bank; the maker had till 4 o'clock, P. M. of the day of maturity for payment. Till then, there was no default upon his part; 21 Pick. 310, *Church* v. *Clark.*

"Notice is bad, if it be before a dishonor;" Story on Notes, § 320. In this case, if the notice was given before 4 o'clock, P. M., it was *before the dishonor* and *premature.* It was given about 4 o'clock, P. M. It does not appear whether it was before or after that hour—whether premature or seasonable. If premature, endorsers were not charged; the duty rests on the holder to show all the steps to have been taken, which were requisite to charge the endorsers

*Geo. F. Edmunds* for the plaintiff.

"When a bill is accepted, payable at a bankers, it must be presented there *before* the usual hour of shutting up their shop." Chitty on Bills, 387; Story on Notes § 226. This note " was presented for payment *during the usual business hours;*" Byles on Bills, [166.]

" After refusal to pay on demand made on the day when the money is due according to the contract, the note or bill is dishon-

ored, and notice may be immediately given;" 1 Pick. 401, *Shedd* v. *Brett;* Bailey on Bills, 261; Story on Notes, § 320.

The opinion of the court was delivered by

ISHAM, J.   The presentment of this note for payment was made at the bank during its business hours, on the day it fell due, and was not paid.   It does not appear at what time of that day the presentment was made, whether during the former or latter business hours of the bank;—neither do we regard it as in any way material.   When a note is payable at a bank where its business is transacted during certain specified hours of the day, the note may be presented during any of those hours, and it is the duty of the maker to provide for its payment whenever the presentment is made.   If the note is not paid when presented, the holder is at liberty to treat it as dishonored, and it is sufficient to charge the endorsers; *Osborne* v. *Monclure,* 3 Wend. 170; *Flint* v. *Rogers,* 15 Maine 67.

The notice of non-payment of this note was given about 4 o'clock, P. M., on the same day it was presented for payment and dishonored; and we think it is sufficient to charge the defendants as endorsers.   The fact that notice was given earlier than was necessary or is required, is not an objection that can be urged by them. The rule is, that notice *may be given* the same day the paper is dishonored; and at farthest, it *must* be on the following day; *Grand Bank* v. *Blanchard,* 23 Pick. 305; *Shedd* v. *Brett,* 1 Pick. 405; *Burbridge* v. *Manners,* 3 Camp. 193.   In order to charge the endorser, notice may be given immediately upon the dishonor of the note.   There are many cases in which it has been held that, not only, notice of dishonor may be given to charge endorsers, but that a suit may be commenced, on the day of its dishonor against the maker, and endorser after notice has been given; *Staples* v. *Franklin,* 1 Met. 43, and cases cited.   But, as a general rule, the maker has the whole of that day in which to make payment; and there is no default on which *an action can be sustained* until the next day.   The question, however, as to the time when notice may be given *to fix the liability of an endorser,* is not the same with the question, at what time a *suit may be brought.*   So far as it may be necessary to fix the liability of endorsers, the demand may be made,

and notice given on the day the note falls due, and is dishonored; but a suit may not be commenced until the next day. These principles and that distinction was recognized in the case of *Osborn* v. *Monclure*, 3 Wend. 179, and in *Thomas* v. *Shoemaker*, 6 Watts & Sergt. 179. In this last case, the action was against an endorser of a note. The demand of payment was made on the day the note fell due, and notice of its dishonor was given on the same day between three and six o'clock, P. M. Gibson, Ch. J., observed that "the contract of the acceptor or maker is to pay on demand, " and that is broken if the bill be not paid *the instant it is presented:* "from which," he observes, "it results that notice may be given the "same day. It is true," he says, "an action cannot be brought till "the next day, for the reason that the maker may pay after refusal "if he take the trouble to seek the holder;" *Coleman* v. *Carpenter*, 9 Barr 178; 1 Amer. Lead. Cases 395. Whatever may be the rule as to the time when an action may be commenced, we think the notice is sufficient in this case to render the defendants liable on their endorsement of this note.

The judgment of the county court is affirmed.