The opinion of the Court was delivered by
ISFott, J.
With regard to the competency of the testimony given on the trial, I still remain satisfied with the opinion expressed in the Court below. The propriety of the rule, as there laid down, may be inferred from its necessity. And the occurrences of every day furnish abundant proof that the ordinary transactions of life could not be carried on upon any other principle. The subscribing witnesses to deeds can seldom prove their execution, except by barely recognizing their own signatures, accompanied by the further fact, that they never do attest any writing which they have not seen executed. There are but few instances where they retain a distinct recollection of the fact of execution. The same may be said of the proof of merchants’ books. It seldom happens that the person making the entry can recollect the delivery of the articles.
It has been contended, however, that the principle can only apply to transactions performed by the witness himself, as when an account has been settled by a clerk or agent, and a balance struck, there he might be permitted to prove the fact by his memorandum or entry. But a moment’s reflection must satisfy us, that that would be too restricted an application of the rule. In cases of tender of the payment of money, when it becomes necessary to produce some evidence of the time when the transaction took place, the sum tendered or paid, the manner of performance, whether conditional or absolute, whether the payment was made on a bond, note or open account, and a number of other facts, such evidence must necessarily be admitted.
It is further contended, that if such is the rule of law in civil actions, it ought not to be extended to criminal cases; but I believe it is now very well settled, that the rules of evidence are the same in criminal *334] *as ^11 cases- Attorney General v. Le Merchant, 2 D. & E. 201, in note. And in this respect, I can see no reason for a distinción. Suppose a person should be accused of passing a counterfeit *573 bank bill, or forging an instrument of writing, might not a memorandum of the date, the number, and the amount of the bill, the bank from whence it purported to be issued, the names of the signers, or the person to whom it was payable, and other evidences or emblems of identity, supported by the oath of the party who made it, be received in evidence, although without it he could not recollect one of those facts ? I apprehend the question cannot admit of doubt If such testimony is not competent, the practice of our Courts has been uniformly wrong since ever I have been conversant with it; and a contrary practice would be the introduction of a new era in the administration of justice in this country.
It is true, that Phillips, in his Treatise on Evidence, 209, says, that “a witness, to assist his memory, may use a written entry, or memorandum, or the copy of a memorandum, and if afterwards he can swear positively to the truth of the facts there stated, such evidence will be sufficient. Yet if he cannot, from recollection, speak to the fact any farther than as finding it stated in a written entry, his testimony will amount to nothing.” But by a reference to the cases quoted by Phillips, it will be found that the rule, as laid down by him, applies only to copies of entries, and not to the original. The principal eases relied on, are, Doe v. Perkins, 3 D. & E. 752, and Tanner v. Taylor, a manuscript report of which, Mr. Justice Buller read in that case. The case of Tanner v. Taylor, was an action for goods sold; the witness who proved the delivery, took it from an account which he had in his hand, being a copy, as he said, of the day book, which he had left at home. It being objected, that the original ought to be produced, Mr. Baron Legge said, if he would swear positively to the delivery from recollection, and the paper was only to refresh his memory, *he might make use of it. But if he could not, from recollection, swear to the delivery any farther than finding them L entered in his books, than the original should have been produced. The case of Doe v. Perkins, is more directly in point. The question was, at what time of the year the annual leases of several tenants expired. One Aldridge went round with the receiver of the rents, and minuted down their declarations respecting the times when they severally became tenants. When Aldridge was examined, the original book was not in Court; but he spoke of the dates of the several tenancies from extracts made by himself out of that book; confessing upon his cross-examination, that he had no memory of his own of those specific facts; but that the evidence he was giving, as to those facts, was founded altogether upon the extracts which he had made from the above-mentioned book. This evidence was objected to on the ground, that as the witness did not pretend to speak to facts from his own recollection, he ought not to be permitted to give evidence from any extracts, but that the original book ought to be produced. The presiding Judge, however, admitted the evidence, and the plaintiff had a verdict. On a motion for a new trial, Lord Kenyon, after adverting to the case of Tanner v. Taylor, above mentioned, said that the rule appeared to have have been clearly settled, and that every day’s practice agreed with it. And that comparing the case with the general rule, the Court were clearly of opinion that Aldridge, the witness, ought not to have been permitted to speak to facts from the extracts which he made use of at that trial; and a new trial was granted. The same doctrine *574 is laid down in Peake’s Evidence, 190. If these authorities are to be relied on, I think the rule, as laid down in the Court below, is very well established. Indeed, it is the only method by which births, marriages and deaths, and many other important facts of frequent occurrence, can, in most instances, be proved. And the same rule has, in several late decisions, *been recognized by the decisions of this Court. In the case of Pearson, et al., v. Wightman, it was said that a witness who swore positively, from written memoranda, though they did not recall to his memory a recollection of the facts, was admissible, and that such testimony was better evidence than an adventurous and unaided recollection. 1 M. Con. Rep. 344. The same principle was again laid down in the case of the Corporation of Columbia v. Harrison. 2 do. 215.
Gregg, for the motion. StaRic, Solicitor, contra.
The next question is, whether the evidence was sufficient to authorize a conviction. The grounds on which the verdict of the jury is attempted to be impeached, are, first, that the defendant was not sufficiently identified. Secondly, that the offence was not sufficiently proved. With regard to the first, the witness said he did not know the defendant. But two of the parties, who were playing, mentioned his name, and he did not deny it. He has pleaded to the indictment by that name, and the jury have been satisfied with the testimony. With regard to the second, the evidence is less equivocal. The witness went into the room, as he says, to be satisfied of the fact. He there saw this defendant, or a person he supposes to be the same, together with several others, playing cards. Some of them acknowledged the fact, and mentioned the game that they were playing. I am, therefore, satisfied with the verdict, and the motion must be refused.
Colcock, Johnson and Huger, JJ., concurred.
Gantt and Richardson, JJ., dissented.