Parker, C J.,
delivered the opinion of the Court.
The demand upon the promisors, in this case, being made without any presentment of the note to them, would have been wholly nugatory, but for the usage of the bank, in which the note was placed for collection, to make demands in this form, and the consent of the promisors to have the demand so made upon them; which is a legal inference from their knowledge of the usage, as found by the jury (6). It can make no difference that the note was not made payable at the bank, since the custom is so prevalent, in commercial towns where there are banks, to lodge notes in them for collection, that any man in business must be supposed to know that such course would be adopted; and in the case before us, the *367 consent to the form of demand usual at banks, implies a knowledge that the note would be left there. The demand then was a legal demand upon the promisors ; and they were bound, according to the usage, to go to the bank and discharge the note, within the hours of business on the day it became due.
But there is no evidence, that the endorser was privy to this usage, or that he consented to any demand, different from that which the law requires; and it is insisted that for the want of the ordinary legal demand, he is discharged from his responsibility.
Certainly an endorser is not bound to pay, without evidence of a legal demand upon the maker; but when such demand has been made, his liability occurs. Now, if the endorser has seasonable notice of the fact of non-payment, when the note is due, it must be immaterial to him, in what form the demand upon the maker was made. If there had been no demand, he would not be liable; because it does not appear but that the note would have been paid, if demanded ; and it is within the terms of the stipulation, that such demand shall be made. But if there *has [*453 ] been such a demand as the maker was bound by, so that he had no right to refuse payment, it is not easy to see how it concerns the endorser, whether the legal forms had been complied with, or waived by the promisor. The case of The State Bank vs Hurd was decided upon this principle; and the only difference between that case and this under consideration is, that in that tne note was payable at the bank, and in this it was not. But the circumstance was not essential; as it would not follow that Hurd, the endorser, was conusant of the usage of the bank, merely because he endorsed a note payable there.
Supposing, then, the demand to have been sufficient to charge the endorser, the question remaining is, whether seasonable notice was given to him of non-payment. The note became due on the 14th ; and, according to the finding of the jury, the point is settled against the defendant.
But on the supposition that it was necessary, that the notice should have been put into the post-office on the day when the note became due, a petition has been presented for new trial, on the ground that evidence, since the trial, has been discovered, which has a bearing on that point.
As the evidence at the trial was by no means of a conclusive nature, it would be proper to have a further inquiry, if the point to be established was essential to the decision of the cause. After some doubts, and looking into the authorities, we are satisfied that it was not necessary for the plaintiff to show that notice to the endorser was put into the mail on the same day the note became *368 due. What is seasonable notice is a question of law, upon the facts proved. It cannot be requisite, and we do not find that it has ever been required, to give notice to an endorser, living in another town, by the very next mail after the dishonor of the note, or on the same day. This would be an unreasonable hardship on holders of notes; especially as the maker may, before the day [ * 454 ] expires, take * the note up. It is not to be expected that merchants will leave every thing else, to attend to this one subject, on the very day the note is dishonored. The next day is early enough; and if there should be two mails a day, whether the notice goes by the first or the second of those mails, we think is immaterial; provided it was put into the post-office early enough to go by a mail of that day.
We understand, from good authority, that the Supreme Court of the United States have adopted the same rule; and it is desirable that the same law should prevail on commercial subjects in all the states.

Judgment on the verdict

 [How could they be bound by the usage, when they never agreed that it should be negotiated to or left at this bank in particular, for collection ? Pray, does the note or contract, or the obligation of the maker or endorser, assume one shape in the hands of one person or corporation, and another, and quite different shape, in the hands of adifferent person or corporation ? If so, how can the maker or endorser know, at the timé of signing his name to the instrument, into what contract he is entering ? Qua tena it mutantem Protewm. nodo ?—En.]