## JOHN K. GOODMAN *vs.* MILFORD P. NORTON.

Where the indorser of a note is notified of the demand and the default of the maker by mail, the notice must be put into the post-office on the day of the demand, or in season to be sent by the first mail of the succeeding day.

A new trial will not be granted merely because the Judge in open Court, in presence of the counsel, answers in writing a written inquiry sent from the jury by the officer in attendance.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit against the defendant as indorser of a note made to him by *Horace Weeks* and *Thomas Wentworth* for $500, dated at *New-York, Aug.* 25, 1836, and made payable at the *Leather*

*Manufacturers' Bank* in that city in three months. The making and indorsement of the note were admitted. The plaintiff proved that the note was protested on the day it fell due, *Nov.* 28, and a notice thereof made out and directed to the defendant at *Bangor, Maine,* the place of his residence when the note was made, and put into the post-office in the city of *New-York,* on the 29th day of *November,* 1836, but the time of day was not shown. The witness stated, that the notice was given at the time, and in the usual and customary mode, according to the usage and custom among the banks in the city of *New-York.* The exceptions state, that hereupon the plaintiff requested the Court to instruct the jury, that if the notice was sent to the place of *Norton's* residence, that the demand and notice were sufficient. It is not stated, that any decision was made in relation to this request. The defendant then proved, that the bank in the city of *New-York* closed business for the day at three o'clock P. M.; that the regular land mail for the eastward left daily at six o'clock A. M. and that the steamboat mail left from four to five o'clock P. M.; that letters in the ordinary course of business went by the land mail, and that letters intended for the steamboat mail must be marked " steamboat" to secure a passage by that mode. The defendant produced the notice, and it appeared to be dated *New-York, Nov.* 28, 1836, and had upon it the post-office mark, " *November* 30."

The counsel for the defendant contended, that the notice was not sent in season. The Judge instructed the jury, that the plaintiff was not bound to have sent notice by the steamboat mail, unless he chose to elect that mode of conveyance; that if he put it into the post-office in season to go on the following day in the usual course of mail, it would be all that was required of him to do; that inasmuch as the evidence showed the written notice to have been put into the post-office at *New-York,* on the 29th, but not at what hour of the day, if they should be satisfied that it was in season to have gone by the mail on that day, and had been delayed in the office that would not be the fault of the plaintiff.

Sometime after the jury had retired to their room, they sent into Court, by their foreman, to the Judge, by the officer, a note " inquiring whether it would be due diligence on the part of the plaintiff to have put the notice into the post-office at any time on the

twenty-ninth." The Judge returned an answer, "that it would, if put into the office in season to go by the mail on that day." The verdict being for the defendant, the plaintiff filed his exceptions.

*J. A. Poor* argued for the plaintiff, and contended, that the custom of the city of *New-York* should govern, the bill being made payable there, and the notice having been sent conformably to that usage. This was a question of law, and should have been decided by the Court as the counsel for the plaintiff requested. *Mills* v. *Bank of the U. S.* 11 *Wheat.* 431. Independent of the custom of the place, the notice was put into the office as soon as the law requires. It was not necessary to have sent by any but the regular mail. And it is in season, if put into the office at any time during the day succeeding the day the note became payable. *Whitwell* v. *Johnson,* 17 *Mass. R.* 449; *Chitty on Bills,* (8th ed.) 514, 518. Here the notice was put in the next day and it could not be required that the notice should be made out and put into the office to be mailed before six o'clock in the morning. Reasonable diligence and attention is all that the law exacts. *Robinson* v. *Ames,* 20 *Johns. R.* 146; *Smedes* v. *Utica Bank, ib.* 372; *Mead* v. *Engs,* 5 *Cowen,* 303. Each party is entitled to one day to give notice, which the plaintiff could not have, if it was necessary to put the notice in before six in the morning. *Bayley on Bills,* 263; 9 *East,* 347. The Judge had no right to send instructions to the jury, after they had retired to their room. *Sargeant* v. *Roberts,* 1 *Pick.* 337.

*J. Appleton,* for defendant. Had the parties all lived in the city of *New-York,* notice must have been given on *June* 28 to hold the indorser. *Woodbridge* v. *Brigham,* 12 *Mass. R.* 403. And when the indorser lives in a different town from the one where the demand is made, notice must go as early as the first mail of the day following that on which the note falls due, whether early or late. *Chitty on Bills,* (8th ed.) 518; 3 *Car. & P.* 250; *Lenox* v. *Roberts,* 2 *Wheat.* 373; *Mitchell* v. *Degrand,* 1 *Mason,* 176; 2 *Aiken,* 263; *Whitwell* v. *Johnson,* 17 *Mass. R.* 449.

The opinion of the Court was drawn up by

WESTON C. J. — In *Smedes* v. *The Utica Bank,* 20 *Johns. R.* 372, it was held, that if the indorser lives in a different town, from

that in which the demand is made, notice must be forwarded to' him on the day of the demand, or the day after, and by the next mail. In *Darbishire* v. *Parker,* 6 *East,* 3, the Court advert to' the rule, that notice to the indorser, must be sent by the next mail after demand, but qualify it by saying, that it must be by the next practicable or convenient mail, but if delayed until the next day, it must be sent by the mail of that day. And this case is cited with approbation, in *Mead* v. *Engs,* 5 *Cowen,* 303, cited for the plaintiff. In *Lenox* v. *Roberts,* 2 *Wheat.* 373, the Supreme Court of the *United States,* lay down the rule to be, that notice of the default of the maker, upon due demand, must be put into the post-office early enough, to be sent by the mail of the succeeding day. And in *Mitchell* v. *Degrand,* 1 *Mason,* 176, *Story J.* holds, that notice must be sent to the parties intended to be charged, by the next practicable mail, after demand.

In *Whitwell & al.* v. *Johnson,* 17 *Mass. R.* 449, cited for the plaintiff, the Court say, that notice to the indorser, put into the post-office the next day after demand, is early enough, if put in in season to go by a mail of that day. To the same effect substantially is the case of *Debree* v. *Eastwood,* 3 *Car. & Payne,* 250. And we are satisfied, that the ruling of the Judge below was in conformity with mercantile law, as settled at the present day.

With regard to the communication between the Judge and the jury, it was in open Court, in the presence of counsel, and differs, therefore, materially from the case of *Sargent* v. *Roberts & al.* 1 *Pick.* 337, which took place after the adjournment of the Court.

*Exceptions overruled.*