## MOORE *vs.* WAITT.

The drawer of a bill of exchange, which has been duly accepted, is liable only upon due presentment to the acceptor for payment, and notice of the non-payment; unless he has in some way waived his right to insist upon demand and notice.

His liability is not changed by a notice, when the bill is drawn, that it will be discounted or left for collection at a certain bank in the vicinity, where the usage is not to make presentment when the bill becomes due, but to give notice to the acceptor and drawer.

ASSUMPSIT upon a bill of exchange, dated March 16, 1836, for the sum of eighty dollars, drawn by the defendant upon Samuel and Joseph Waitt, and accepted by them. It was payable to Joseph Walker, Jr., or order, in three months after date, and by him, after it became due, indorsed to the plaintiff.

The defendant pleaded the general issue.

It appeared that when the payee received the bill, he told the drawer that he should get it discounted at the Framingham bank, in Massachusetts, the parties all residing in Massachusetts at the time. Hearing afterwards that the acceptors were in failing circumstances, he did not get it discounted, but, having indorsed it, he left it with the bank for collection.

The cashier of the bank testified that on the last day of grace he notified the drawer, and acceptors, by letter through the post-office, addressed to them at their respective places of residence ; and the defendant offered evidence tending to show that they were not thus notified. This question was submitted to the jury, who found for the plaintiff.

The defendant contended that it was necessary for the plaintiff, before he could charge the drawer, to show that the bill was presented to the drawer and acceptors, and payment demanded when it came to maturity.

The plaintiff offered no evidence of a presentment, but he offered evidence tending to show that it was the custom

of the Framingham bank, when bills were left for collection, to notify the drawer and acceptors, through the mail, on the last day of grace, and to give no other notice, and not to present them for payment; and that the custom of the Wrentham, Waltham, Blackstone and Concord banks, which are in the vicinity, was like that of the Framingham bank. The defendant objected to the admission of this evidence, unless it was shown that the drawer and acceptors of this bill were acquainted with the custom of the Framingham bank, in this particular; but the evidence was admitted.

It was admitted that the defendant lived at Westborough when the bill became due, and the acceptors at Malden; and it appeared in evidence that Westborough is ten miles distant from the Framingham bank, and that the Concord and Waltham banks are each thirteen miles distant from Framingham.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing facts.

*Forsaith & Metcalf*, for the defendant. It is well settled that in order to charge the drawer of a bill of exchange, it must be presented to the drawer and acceptor at maturity, and payment demanded. *Chitty on Bills* 259; 3 *Wendell* 456; 2 *Johns. Cas.* 75; 3 *McCord* 195; 6 *Wheat.* 102; 1 *Mason* 176. As a general principle, there are no contrary authorities.

This presentment and demand, however, may be waived by the drawer, either by express agreement or an implied one.

When a bill or note is left at a bank for collection, with the knowledge of the parties, and they are acquainted with the usages of the bank as to the manner it makes presentment or demand, it may then be legally inferred that they agree to be bound by the usage.

But such knowledge must be proved by the party intending to charge the other. This may be done by express tes-

timony, or by circumstances. 14 *Mass.* 303, *Pierce* vs. *But- ler ;* 18 *Pick.* 558 ; 3 *Greenl.* 82.

The custom of banks, in regard to demand and notice, is as various almost as the banks are numerous ; and the drawer of a bill has a right to expect that a legal course will be pursued, and that nothing on the part of the bank will be omitted, unless he knows the usage of that bank to be different from the rules of law. There was nothing in this case to excuse the bank from presenting the bill to the acceptors at maturity. Neither drawer nor drawees had ever done any business at this bank, or any other bank in its vicinity. There was no evidence offered that such was the fact.

No testimony of the usages of the Framingham bank, or any other bank, should have been permitted to go to the jury, till the knowledge of this usage was proved upon the defendant. He certainly cannot be bound by their customs, when he is ignorant of them.

*Edes,* for the plaintiff. The principal question is, whether a personal presentation of the bill, at its maturity, to the acceptors, and notice to the drawer, otherwise than is stated in the case, was necessary to charge the drawer.

It appears that at the time the bill was drawn, the drawer was notified that it would be negotiated at the Framingham bank, within ten miles of his residence, and the jury found that he was notified, and the acceptors also, according to the custom of the bank. He was, therefore, bound to take notice of the customs of the bank, in consequence of drawing a bill with the express notice and understanding that it would be there deposited to be paid, and especially would he be presumed to be acquainted with the usages of the bank, in this particular, as they are the same as those of all the other banks in that part of Massachusetts. The bill having been drawn with the express understanding that it would be negotiated at the bank, and having been there deposited for

collection, ought to render the drawer equally liable as though the bill had been payable at the bank.

The usage of banks varies the common rules of presentation and notice, and it is not necessary to prove the express knowledge of the drawer, of those usages, in a case like the present. 9 *Mass. R.* 155, *Lincoln & Kennebec Bank* vs. *Page;* 15 *Mass.* 380, *Welch* vs. *Barrett;* 11 *Mass.* 85, *Blanchard* vs. *Hilliard;* 23 *Pick.* 305, *Grand Bank* vs. *Blanchard.*

In 14 *Mass. R.* 303, *Pierce* vs. *Butler,* and other cases where knowledge of the usage must be presumed to be known to the party to be bound by it, the usage was as to grace, a particular usage; and the true distinction is, that a knowledge of a particular usage by the party to be bound by it, must be proved; but a general usage, like the law of the land, need not be proved to be known. See also 9 *Pick.* 420.

The bill having been drawn in Massachusetts, by and upon parties all of whom were then resident there, the proceedings, having been conformable to the laws and usages of that state, are binding on the drawer, however similar transactions might be in New-Hampshire. The laws, &c. of the state where the transactions took place ought to govern his liability.

Parker, C. J. There is no principle upon which the plaintiff can sustain this action. The defendant drew the bill in question, and it was duly accepted by the persons upon whom it was drawn. By this transaction the drawees became the debtors of the holder, and the defendant undertook, in case they failed to make payment upon a due demand made upon them, that he would pay the amount. This was, substantially, the liability which rested upon him, after the acceptance of the bill.

There is no pretence that the bill was presented to the acceptors for payment when it became due, and it is admitted that by the general rules of law the defendant cannot be charged. The plaintiff seeks to bring his case within some exception to the general rule.

Moore *v.* Waitt.

It appears that the bill was left in the Framingham bank for collection; and the plaintiff relies upon a usage of that bank to notify the acceptor and drawer through the mail, on the last day of grace, as an excuse for a neglect to present the bill to the acceptors for payment. But we find nothing in the case to charge the defendant upon any usages of the Framingham bank. The payee, when he received the bill, told the defendant that he should get it discounted at that bank. This he did not do, for a sufficient reason, but instead thereof left it in the bank for collection. The utmost effect that could be given to this would be as a notice to the defendant that the bill would be in that bank at its maturity. Such notice would in no way extend or vary his liability. The bill was not drawn payable at that bank; nor would the notice, when the payee received it, that it would be left there, have any operation to bind the acceptors, or the defendant, to seek it at that place.

Nor could the notice to the acceptors, according to the custom of the bank, when the bill became due, impose any greater duty upon them than existed when they first accepted the bill, or charge the defendant for their neglect to make payment at that place. It does not appear that the acceptors had any notice that the bill was there, until after the last day of grace. The defendant had no agency in procuring the bill to be left there. Nor does it appear that he had any knowledge of the usages of the bank. If he had had such knowledge, that fact would not have operated as a waiver of his right to require that a demand should be made upon the acceptors, according to the general rules of the law, before payment was sought of him.

If the defendant, after drawing the bill, had negotiated it to the bank, or if he had procured it to be left there for collection, there might have been some ground for binding him by the usages of those in whose hands he had placed it. 1 *N. H. Rep.* 80, *Tredick* vs. *Wendell;* 18 *Maine R.* 99, *Maine Bank* vs. *Smith;* 17 *Mass. R.* 449, *Whitwell* vs. *Johnson;*

23 *Pick. R.* 305, *Grand Bank* vs. *Blanchard;* 1 *Peters'* *S. C. Rep.* 25, *The Bank of Washington* vs. *Triplett.*

The fact that the custom of all the banks in the vicinity where the parties lived, was, in this matter, like the custom of the Framingham bank, adds no strength to the plaintiff's case. If the customs and usages of these institutions may bind those who deal with them, they can go no farther than that, when they are not in accordance with well settled principles of law. It is not in their power to change those principles, and thereby to impose additional duties and liabilities upon those who do not deal with them.

*New trial granted.*