PRESIDENT, DIRECTORS AND COMPANY OF THE WARREN BANK
IN DANVERS *vs.* MATTHEW S. PARKER.

*It seems,* that after the indorser of an overdue promissory note, with the means of knowing what demand has been made on the maker, has paid the note, no action can be maintained by the holder against a notary for negligence in making a demand on the maker; although at the time of such payment, the holder authorized the indorser to bring such an action in the holder's name against the maker.

A bank in Boston, with whom a promissory note was placed for collection, gave notice to the maker before the note fell due, according to the usage in Boston, of the day when the note would be payable, and requested him to come and pay it; and the note remained in the bank through banking hours of that day. *Held,* that if the maker was a trader, and accustomed to transact business at the bank, his consent to the general usage which made such notice sufficient might be shown, and, if shown, rendered any other demand immaterial.

ACTION OF TORT. Trial in the court of common pleas at April term 1855, before *Mellen,* C. J., to whose rulings the defendant alleged exceptions, the substance of which is stated in the opinion.

SHAW, C. J. This is an action of tort, by the Warren Bank of Danvers against a notary public of Boston, charging him with neglect of official duty, by means of which they have sustained damage. The ground of the charge is, that they were

19 *

the holders of a promissory note discounted by them, the maker of which resided in Boston; that the plaintiffs, through their agents the Suffolk Bank, employed the defendant, as a notary, to present the note to the promisor and demand payment; and, in case of nonpayment, to give due notice to the indorsers. They aver, that in performing this duty, he conducted himself so negligently that he did not make demand on the promisor, or use due diligence to find him, or his place of business or place of abode, by means of which the plaintiffs lost the right to charge the indorsers, and lost the value of the note.

1. This being an action of tort, imputing a wrong done by one in whom confidence is reposed, by the very nature of the office which he holds, such a charge can be established only by full and satisfactory proof of the facts on which it is made. The fact of negligence must not only be proved, but the further fact, that the plaintiffs thereby sustained damage. It is one of those cases where actual loss sustained is the cause of action ; where it was necessary, under the old forms of pleading, to declare with a *per quod,* that is, that by means of the alleged neglect the plaintiffs actually received damage and loss.

Another important consideration is, that, upon the record, this is a suit by the Warren Bank against the defendant; and the question is, whether, at the time this action was commenced, they had sustained any loss, by negligence of the defendant, for which they could maintain an action. They had before that time received the amount of the note, with all costs and expenses, from Robinson, an indorser, and the person at whose instance they had discounted the note. The bank, on its return by the Suffolk Bank to Danvers dishonored, charged the amount with the expenses to Robinson, and sent him the note, with a letter from the Suffolk Bank, containing all the intelligence they had respecting its nonpayment.

The case has been argued as if it were clear upon the evidence, that Robinson, for whose benefit this suit is brought, after having paid and taken up the note, if there had been no legal demand on the promisor, might recover back the amount from the bank, we suppose on the authority of *Garland* v. *Salem*

*Bank,* 9 Mass. 408. But the circumstances are very different. There, not only had there been no demand, but the facts were in effect concealed from the plaintiff till after he had taken up the note, and he, having learned the facts, immediately demanded repayment of the money.

Here, the plaintiffs themselves never made any claim on the defendant for the supposed negligence. When Robinson claimed to have his money repaid, the plaintiffs never did repay it, and never yielded to that claim, or admitted it. The most they did was to say to Robinson, " If we have any claim on the notary, under the circumstances, or if you think we have, and will secure us against all expenses, we will consent that you may try it." In pursuance of such permission this action is brought. The plaintiffs themselves have sustained no loss.

The evidence tends to show that the indorser, Robinson, settled his account with the bank, with the full means of knowing all that had been done. It is the right of an indorser, if he thinks fit, and it is often for his interest, to take up the note he has indorsed, and make it his own, although he himself may not have had due notice of its dishonor. *Ellsworth* v. *Brewer,* 11 Pick. 316. If he thus paid it, without further inquiry, there is ground to infer that he did it voluntarily ; and if in fact he did pay it voluntarily, upon a claim of right, knowing, or with the means of knowing, his right, he could not recover it back, merely by showing that, if he had resisted, he might have had a legal ground of defence. So if, after a full knowledge of all the facts, Robinson released to the plaintiffs all right to recover back the money, it is difficult to perceive how the plaintiffs could sustain any loss. Robinson took up the note, treated it in all respects as his own, and brought an action upon it for his own benefit, in the name of Pratt, his immediate indorser, against Johonnot a prior indorser. We are not aware upon what grounds the judgment in that case, and especially the facts and principles in which it was decided, could be competent evidence in this case, being wholly *res inter alios.* But it was admitted and relied on.

2. But there is another ground on which there was a misdi-

rection.   The ground of this action is, that there was negligence on the part of the defendant, in making demand on the promisor.   There is no intimation that there was not due notice to the indorsers.   Taking the facts together as they appear in the report, they are these:  The note was placed in the Suffolk Bank for collection.   It remained in the bank during all the banking hours of the last day of grace; after the close of the bank, the note was delivered to the defendant, in order to present it to the promisor for payment, and, in case of nonpayment, to give notice to the indorsers.   And the negligence of the defendant, in making this afternoon demand, is that relied on by the plaintiff.

But if there was a previous valid demand, sufficient to charge the indorsers, then the insufficiency of the demand in the afternoon was immaterial.   It appears by the report, that the defendants claimed the right, and offered to show, that the note was rightly placed in the bank for collection ; that the usual notice was issued from the bank to the promisor, before the note became due, that the note would be payable on a certain day named, being the true day, and he was requested to come and pay it; that it remained in the bank during banking hours of that day, and remained unpaid.   Now if the promisor was a trader, and accustomed to transact business at the bank, his consent to the general usage, which made such notice a good presentment and demand, might be shown ; and indeed the usage has now been so universal in Boston, and so long continued, that slight evidence would be sufficient to prove acquiescence on the part of any trader, and thus make this established mode of demand a sufficient one.   This has been settled by a long course of practice and sanctioned by many judicial decisions. *Gilbert* v. *Dennis*, 3 Met. 495.   *Mechanics' Bank* v. *Merchants' Bank*, 6 Met. 23.   And if this was a mode of presentment and demand, to which the promisor had agreed, either expressly or by implication, then nonpayment at the bank, by the promisor, on the last day, during usual banking hours, was a dishonor, sufficient, on notice, to charge the indorsers, to whom notice might be then immediately given.   *Whitwell* v. *Johnson*, 17 Mass. 449.

Had this evidence, which we think was incorrectly rejected.

been received, and had it been sufficient to establish the facts which it conduced to prove, it would have rendered the question whether the defendant made a valid demand in the afternoon immaterial. For, though it is not unusual for banks, after the dishonor of a note by nonpayment at the bank, to deliver the note to a notary, in order to make actual demand on the promisor; yet it is for greater caution, and for the convenience of taking and preserving the evidence of the facts; it is not necessary to the rights of the holder, or to fix the liability of the indorser. The evidence would have shown, that if the demand made by the defendant was not regular and legal, still the plaintiffs sustained no loss by it; and this would have been a bar to the action. *Exceptions sustained.*

*C. T. Russell*, for the defendant.

*H. F. Durant*, for the plaintiffs.