### DAVID C. MAGOUN *versus* WILLARD WALKER.

To charge the indorser of a note payable at a bank, it must be shown that the note was *at the bank*, or payment of it was demanded *there* on the day when it fell due.

It is not sufficient to show that payment was demanded of the cashier of the bank.

ON EXCEPTIONS to the rulings of GOODENOW, J.

ASSUMPSIT against the defendant as indorser of a promissory note. The case is stated in the opinion. The verdict being for the plaintiff, the defendant excepted to the refusal of the presiding Judge to give the requested instructions.

*Gilbert,* for plaintiff.

*Tallman* and *Smith,* for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J.—The note in suit was made payable at the Pejepscot Bank, Brunswick, in six months after date. To prove a demand upon the maker, and notice to the indorsers, the plaintiff read the protest of the notary public. In the protest it is stated, that the notary went with the original note to the cashier of the Pejepscot Bank in Brunswick, and demanded payment thereof, the time therein limited for the payment of said note, and the days of grace, being fully elapsed, and the payment of said note was refused, &c.

Several requests for instructions were made by the defendant; the first and second were given as requested; the fifth was given in a modified form; the others were refused.

The counsel for the defendant does not present an argument to sustain the exceptions taken to this refusal, excepting as to the third and fourth instructions requested. These were as follows:—"If the jury are not satisfied, from the evidence in the case, that the note was at the bank, at the close of banking hours, the plaintiff cannot recover. 4th.

That the protest of the notary, that he went to the cashier with the note, is not evidence of the fact of its being then at the bank." We must take the statements of the notary in the protest to be true. But the burden of proof is upon the plaintiff to show that all the steps were taken, necessary to hold the indorser. No step is presumed to have been taken, without some evidence. The law requiring a demand upon the maker of a promissory note, in order to fix the liability of an indorser, is satisfied, if the note was in the bank at which it was made payable, or was demanded there on the day when it fell due, by one having the note and authorized to make demand thereof. At what place the demand was made upon the cashier of the Pejepscot Bank in Brunswick does not appear from the protest; neither does it appear therefrom that the note was ever in that bank; and there is no evidence in the case, from any other source, of either of these facts. The certificate in the protest, upon this point, may be strictly true, and the demand and the note not have been at the bank, at any time when either the note should be there, or the demand made there, to be effectual upon the defendant. It is not improbable that, in another trial, this defect in the proof may be supplied, but, as the case now stands, the exceptions must be sustained. *Seneca County Bank* v. *Neass*, 5 Denio, 329.

From the view presented in the foregoing, it becomes unnecessary to consider the refusal of the presiding Judge to give the third instruction requested.

The other refusals were not erroneous.

    *Exceptions sustained.*—*New trial granted.*

RICE, CUTTING, MAY and DAVIS, JJ., concurred.