THE PRESIDENT, DIRECTORS AND COMPANY OF THE PEOPLE'S BANK OF BALTIMORE *vs.* WILLIAM PINKNEY BROOKE.

## Promissory Note—Notarial Protest—Insufficient Notice to an Endorser.

A notarial protest is *prima facie* evidence of the truth of its statements, and where the protest is exclusively relied upon to prove the necessary facts to fix liability upon the party to be affected, it must contain sufficient averments to show that everything requisite has been done on the part of the holder of the note, or his agent, to authorize the demand upon the endorser.

In an action against an endorser on a promissory note, payable at the People's Bank of Baltimore, the notarial protest was the only evidence offered to establish due demand of payment of the note, its dishonor by the maker and legal notice thereof to the defendant as endorser. The protest failed to show that presentment of the note was made at the bank for payment at its maturity, or that it was left at the bank for payment. The protest merely stated that the note was presented, without saying where it was presented. HELD:

That the evidence was insufficient to make the endorser responsible for the payment of the note.

APPEAL from the Circuit Court for Prince George's County.

This was an action of *assumpsit*, instituted by the appellants against the appellee, to recover the sum of twenty-four hundred dollars on a promissory note, dated Upper Marlborough, February 16th, 1861, drawn by Hall & Anderson, payable four months after date to the order of C. S. Keech and R. D. Hall for value received, at the People's Bank of Baltimore, and by them endorsed to J. Townsend & Co., who endorsed it to the appellee, by whom it was endorsed to the appellants, the holders thereof. The only plea was *non assumpsit*.

*First Exception :* At the trial below the plaintiffs proved

People's Bank of Baltimore *vs.* Brooke.

the handwriting of the makers of the note, as also of the several endorsers; and that Washington city was the proper post-office of the defendant at the maturity of the note; and then, for the purpose of showing that the note was dishonored by the makers, and that the defendant had due notice thereof, they offered in evidence the notarial certificate and protest. To the sufficiency of·this evidence, for the purpose for which it was offered, the defendant objected, and the Court instructed the jury that the notarial certificate and protest were not sufficient evidence to bind the defendant as endorser, and directed the jury to·find a verdict for the defendant. To this instruction the plaintiffs excepted.

*Second Exception :* The defendant asked the Court to instruct the jury that the protest offered in evidence was insufficient to fix his liability as endorser, and argued that the words "promissory note," contained in the eighth line of the notarial certificate, was, in point of fact, an erasure; the Court concurring therein granted the instruction, and the plaintiffs excepted. The verdict and judgment being for the defendant, the plaintiffs appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, and ROBINSON, J.

*Thomas F. Bowie* for the appellants.

The notarial certificate was admissible in evidence to bind the defendant as endorser in this case. *The People's Bank of Baltimore vs. Keech,* 26 *Md.,* 521 ; *Act of* 1837, *ch.* 253 ; *Code of Public General Laws, Art.* 67, *sects.* 4, 5 *and* 7 ; *Graham vs. Sangston,* 1 *Md.,* 68 ; *Sasscer vs. Farmers' Bank,* 4 *Md.,* 409.

Every endorser is an original contractor and promissor, as between himself and his endorsee, and notice to him, if duly made, will bind him as endorser, whether prior endorsers have received notice or not. *Ross on Bills and Pro. Notes,* 273.

The question of interlineation or erasure was a question of fact, which ought to have been left to the jury, and not decided by the Court, and the exception itself expressly reserves that point, in accordance with the true construction of the Act of 1862, chapter 154.

*Henry M. Murray*, for the appellee.

The notarial certificate and protest were not sufficient evidence to bind the appellee as endorser. *Graham vs. Sangston*, 1 *Md.*, 68; *Story on Pro. Notes, secs.* 348, 354; *Manual for Notaries and Bankers*, 25.

The appellant, by its laches to give Keech and Hall, the first endorsers, due notice of demand and dishonor, had by operation of law released them, and consequently discharged the subsequent endorsers, of whom the appellee was one. *People's Bank of Baltimore vs. Keech*, 26 *Md.*, 521; *Story on Pro. Notes, sec.* 423.

The presentation of the cause of action at maturity, at the counter of the People's Bank of Baltimore, was a condition precedent, to be strictly performed, averred and proved, in order to bind the appellee as endorser. This, so far as appears from the protest, notarial certificate and pleadings, was not done, and therefore a demand of payment has not been duly made. *Rowe vs. Young*, 6 *Eng. Com. Law*, 53; *Payson vs. Whitcomb*, 15 *Pick.*, 215, 216; *Walcott vs. Van Santvoord*, 17 *John. Rep.*, 256; *Ambrose vs. Hopwood*, 2 *Taunt.*, 61; *Story on Pro. Notes, sec.* 230.

STEWART, J., delivered the opinion of the Court.

The single inquiry presented by the two exceptions, in this case, is as to the sufficiency of the proof furnished by the notarial protest, to fasten liability upon the appellee as the endorser for the payment of the note, upon which this suit was instituted.

The protest of the notary was the only evidence relied upon by the appellant to establish due demand of payment

of the note; its dishonor by the maker, and legal notice given to the appellee or the endorsee.

That amounts to just as much proof as would have been the testimony of the notary, or any other credible witness, if he had been present at the trial, and testified to the same facts certified to in the protest.

It is *prima facie* evidence of the truth of its statements, and where the protest is exclusively relied upon, to prove the necessary facts to fix liability upon the parties to be affected, it must contain sufficient averments to them, that everything requisite has been done on the part of the holder of the note, or his agent, to authorize the demand upon the endorsee.

The certificate of the notary in this instance, does not furnish the indispensable evidence of compliance with the conditions incident to the contract, to render the appellee as endorsee responsible for the payment of the note.

" The commercial law, which throughout all its departments inculcates the doctrine of reasonable diligence, and frowns upon and discourages *laches,* has introduced a rule of great strictness on this subject, which, although it may sometimes be found harsh in its practical operation, yet is, for the general purposes of business, highly useful to the commercial community, by introducing promptness, fidelity, and exactness, in the demand of payment." *Story on Pro. Notes, sec.* 201.

The sufficiency of the proof by the protest, according to the commercial law, is to be tested in its application to the case of an endorser.

According to the requirements of this law, the endorser contracts to be liable for the payment of the note in case of its dishonor, if it is duly presented for payment according to its terms, and due notice is given to him of its dishonor, and not otherwise.

" The engagement of the endorser is conditional, and any neglect or *laches* of the holder, in not making due

presentment, will discharge him." *Story on Pro. Notes,* sec. 198.

In order to charge the endorser, it is indispensable that the presentment of the note for payment should be made at the place designated in the note, and it is necessary to prove that the presentment was there made, otherwise, the endorser will be absolutely discharged. *Story on Pro. Notes,* sec. 230 ; *Byles on Bills,* 169.

"It will be sufficient, indeed, if the notice sent, necessarily, or even fairly implies, by its terms, that there has been a due presentment and dishonor at the maturity of the note."

"But mere notice of the fact, that the note *has not been paid,* affords *no proof whatsoever* that it *has been presented at all,* for it may be that the holder means to rely upon some legal excuse for non-presentment." *Graham vs. Sangston,* 1 *Md.,* 68 ; *Story on Pro. Notes,* sec. 350.

In the case where the note is in terms payable at a bank, as is the one now in question, it is sufficient if the note is in bank, at maturity, ready to be delivered on payment, should the maker come to pay it. *Graham vs. Sangston,* 1 *Md.,* 68.

"The Court will lay hold of any expression in the notice which might fairly be presumed, to indicate that a due presentment or dishonor had taken place, and that the notice was designed to put that fact as the ground of the liability." *Story on Pro. Notes,* sec. 352.

Giving the most liberal interpretation to the notarial protest in this case allowable, under the commercial law, regarding the relative rights of the holder and endorsee of the note, and assuming that all the statements of the protest have full effect, and the supposed interlineation referred to in the second exception was not made, and whether there was an interlineation or not, we do not consider material in this case, it is not shown by the protest that the presentment of this note, was made at the bank,

for payment at its maturity, or that the note was left at the bank for payment.

It is merely stated that the note was presented, and it is very possible that this may have been at the bank, but this is mere conjecture, and does not amount to proof.

It does not appear where it was presented for payment, but it could not have been to the makers, because the protest states that notice was sent to them at Upper Marlborough.

No legal inference can be deduced from the statements of the notarial protest, that there was a due presentment of the note for payment at the bank, where by its terms it was to be presented, and the court below committed no error in regarding it as totally insufficient, and instructing the jury accordingly.

*Judgment affirmed.*

(Decided 11th June, 1869.)