(100 N. W. 1084.)

PETER NELSON v. OLAF L. GRONDAHL.

Opinion filed September 10, 1904.

**Notes — Presentment at Place of Payment Charges Endorser.**

1. Where a promissory note expresses on its face that it is payable at a certain store, a presentment of such note at such store for payment on the day of its maturity is a proper place for presentment to charge an indorser.

**Presentment — Parol Evidence May Supplement Notary's Certificate.**

2. Oral testimony is admissible to show facts occurring on a presentment of a note for payment which are not stated in the notary public's certificate of presentment.

**Presentment at Place of Payment Renders Demand on Maker Unnecessary.**

3. Where a note specifies on its face the place where it is payable, and is there presented for payment, no personal demand on the maker of the note is necessary.

**Evidence — Proof of Invariable Practice May Supply Defect in Certificate of Protest.**

4. A notary public's testimony that he invariably presented notes for payment at the place where they were made payable, is admissible to establish the place of presentment, where the notary's certificate of protest fails to show the place of presentment, and the notary has no independent recollection of the specific presentment evidenced by his certificate.

**When Judgment Non Obstante Is Reversed, Case Will Be Remanded to Perfect Motion for New Trial Asked in Connection Therewith.**

5. On the reversal by this court of a judgment notwithstanding a verdict, the cause will be remanded to the district court, with leave to the respondent to perfect a motion for a new trial, in cases where he asked for a new trial in connection with the motion for judgment notwithstanding the verdict.

Appeal from District Court, Cass county; *Pollock*, J.

Action by Peter Nelson against Olaf Grondahl. Judgment for defendant and plaintiff appeals.

Reversed.

*H. R. Turner,* for appellant.

The notary's certificate recites that presentment was made and the instrument set out in such certificate shows where it was payable, this is sufficient to show that presentment was made where the note was payable. Ashe v. Beasley, 6 N. D. 191, 69 N. W. 188.

*Benton, Lovell & Holt,* for respondent.

If a bill is not payable at a particular place, it need not be stated in the notary's certificate where it was presented and demands made; if payable at a specified place, the certificate is insufficient it it fails to show a presentment and demand there. 2 Daniels on Negotiable Instruments, section 952; Gage v. Dubuque, etc., 77 Am. Dec. 145; People's Bank v. Brooke, 7 Am. Rep. 11; Duckert v. Von Lileinthal, 11 Wis. 56.

The notary's certificate should have been excluded, as it did not state to whom the presentment was made, and it contains nothing from which such name can be inferred. Nave v. Richardson, 36 Mo. 130; Duckert v. Von Lileinthal, supra.

Neither the certificate nor the testimony shows a demand and presentment, and the indorser is not liable.

Morgan, J. This action is brought against the defendant as indorser of a promissory note of which he was the payee. The plaintiff, in his complaint, alleges that one Steffes made and delivered such promissory note to the defendant, and that the defendant duly indorsed and transferred it to the plaintiff for value, and that the note was duly presented for payment when due, and payment refused. The defense attempted to be proven at the trial was that the note was not presented for payment in the manner provided by law. At the close of the taking of the testimony the district court directed a verdict for the plaintiff for the sum of $339.84, the amount claimed to be due in the complaint, and denied defendant's motion to direct a verdict. The defendant thereafter made a motion for judgment notwithstanding the verdict, on grounds stated, or for a new trial on account of errors occurring at the trial and the insufficiency of the evidence to sustain the verdict. The motion for judgment notwithstanding the verdict was granted by the court, and the appeal is from the judgment entered on such verdict. A statement of the case was settled, specifying the errors relied on.

The only specification of error made on this appeal is that the court erred in granting the motion for judgment notwithstanding the verdict. The question raised by such specification is that there is no evidence showing that the note was presented for payment when it became due, as is required by the statute, before an indorser can be held liable under his indorsement. Section 70, c. 100, Rev. Codes 1899. The certificate of the notary who protested the note for nonpayment is in evidence, and recites that "I, * * * did present the note hereto attached, * * * and demanded payment thereof, which was refused." The certificate is silent as to the place of presentment and as to the person to whom the presentment was made. The note was, by its express terms, made payable to Grondahl, the defendant, "at his store in Fargo, North Dakota." The respondent contends that the certificate of the notary is of itself insufficient to show a proper presentment of the note for payment to the maker, and that the evidence, outside of the certificate, is not competent to prove that the note was presented for payment as required by the terms of the statute. Section 73 of the Negotiable Instruments Law of 1899 (Civ. Code, p. 1048) provides that "presentment for payment is made at the proper place where a place of payment is specified in the note and it is there presented." Section 72 of the same law provides that presentment for payment is sufficient when made at the proper place to the person primarily liable on the instrument, or, if he is absent or inaccessible, to any person found at the place where presentment is made. The trial court granted the motion for judgment notwithstanding the verdict on the ground that the notary's certificate did not show presentment of the note for payment at the place where the note was, by its terms, made payable, and that the notary's evidence of that fact was not competent to prove such presentment, he having stated that he had no independent recollection of the fact of such presentment. If the fact of presentment for payment, as required by the statute, is supported by any competent evidence that reasonably tends to show due presentment, the granting of the motion for judgment was erroneous. The notary was called as a witness, and testified that he recollected that the note was by him presented for payment; that he had no independent recollection of the fact, but that he so testified from an inspection of his certificate stating the fact. He further testified that in cases where notes specified the place where payment was to be made he

presented them at that place, and that he did so in every instance. Whether this evidence, in addition to the certificate, is competent, and sufficient to show presentment for payment at the proper place in accordance with the statute, is the only question arising on the appeal.

It is first claimed that there is no evidence that the note was presented to the person primarily liable on the note—that is, the maker. The certificate does not state the name of the person to whom it was presented, and the notary does not give the name of the person in his testimony. A presentment at the bank where a note is payable is a sufficient presentment to the maker, although the name of the person to whom presented is not given. It is held to have been made to some person connected with the bank. This is expressly held in Ashe v. Beasley, 6 N. D. 191, 69 N. W. 188. If the notary's evidence is receivable, it brings the evidence in this record within the rule stated in Ashe v. Beasley, supra, and is sufficient to show presentment at the store where the note was made payable, and to a person connected with such store. See Douglass v. Bank of Commerce (Tenn.) 36 S. W. 874; 1 Daniel, Neg. Inst. (5th Ed.) section 635. In such cases no personal demand on the maker is necessary. He is primarily liable on his promise to pay. Section 70, Neg. Inst. Law 1899 (Civ. Code, p. 1048.) A presentment is necessary in order to fix the liability of the indorser, which is a conditional obligation to pay the note if not paid at maturity by the maker. If a maker stipulates to pay at maturity at a specified place, and the note is there presented for payment at its maturity, and payment refused or not made, the liability of the indorser is fixed after notice to him, although there was no personal demand made on the maker. Pearson v. Bank of the Metropolis, 1 Pet. 89, 7 L. Ed. 65; State Bank v. Hurd, 12 Mass. 172; Whitwell v. Johnson, 17 Mass. 449, 9 Am. Dec. 165; Meyer v. Hibsher, 47 N. Y. 265. A presentment at the store was therefore sufficient to bind the indorser after notice to him of the fact. It remains to be determined whether the evidence of the notary was admissible to supply facts that occurred in reference to the presentment that were omitted from the recitals of this certificate. It is well settled that the facts stated in the certificate of protest of promissory notes may be supplemented by other facts that transpired, and that such other facts may be shown by the oral testimony of the notary or by other testimony. Ashe v. Beasley, supra; Seneca County Bank v. Neass, 5 Denio, 334; Daniel, Neg.

Inst. (5th Ed.) section 969, and cases cited. On this question the respondent does not contend that the defects of the notary's certificate may not be supplied, but he earnestly contends that there is no evidence of presentment at the proper place, because the notary testifies that he has no independent recollection of such fact aside from the certificate. Respondent contends that the notary's evidence that he presented notes for payment in every instance at the place where payable is inadmissible merely as a statement of his custom unaccompanied by some recollection of the fact. We agree that on authority and principle the evidence should be held admissible in cases like the one under consideration. The evidence objected to in this case is not merely the statement of the notary's custom only. He had his certificate of protest before him, from which he was able to say that a presentment was made by him of the note described. The fact of a presentment was established by the certificate in a general way, but not definitely. Whether the presentment was made at a right place was not stated nor established thereby. The certificate showed some kind of a presentment, but one not necessarily legal or proper under the statute. The bare allegation that the note was presented for payment is not equivalent to certifying that the note was presented at the place where it should have been done. The certificate of the notary is evidence only of facts stated therein, and it will not be enlarged by indulging in presumptions. The facts must be stated, and, if stated, the certificate is prima facie evidence that the facts· properly a part of such certificate are true. People's Bank v. Brooke, 31 Md. 7, 1 Am. Rep. 11; Duckert v. Von Lileinthal, 11 Wis. 56; Magoun v. Walker, 49 Me. 419; Insurance Co. v. Wilson, 29 W. Va. 528, 2 S. E. 888. The witness' invariable practice was proper evidence to sustain and to supplement the statements of the certificate that presentment had been made. In Eureka Ins. Co. v. Robinson, 56 Pa. 256, 94 Am. Dec. 65, it is said: "We think it not uncommon in practice to corroborate the defective memory of a witness by proof of what was his habit in similar circumstances. Thus a subscribing witness to a will or a bond, if unable to recollect whether he saw the testator or obligor sign the instrument, or heard it acknowledged, is often permitted to testify to his own habit never to sign as a witness without seeing the party sign whose signature he attests, or hearing that signature acknowledged. And it seems to be persuasive and legitimate 'supporting' evidence." See, also, Flack v. Green, 3 Gill & J.

474; Miller v. Hackley, 5 Johns. 375, 4 Am. Dec. 372; Gillette on Indirect and Collateral Ev. section 68; Martin v. Smith (Mich.) 66 N. W. 61; Seneca County Bank v. Neass, supra; Lindenberger v. Beall, 6 Wheat, 104, 5 L. Ed. 216; State v. Rawls, 2 Nott & McC. 331. The testimony was therefore competent to support or corroborate the notary's evidence that he recollected presenting the note for payment, and, together with the certificate, was sufficient to take the case to the jury on the question of due presentment of the note to the maker for payment.

The defendant included in his motion for judgment notwithstanding the verdict an alternative motion for a new trial, and gave notice of intention to move for a new trial, and therein specified the grounds thereof. Having prevailed in the court below on his motion for judgment notwithstanding the verdict, the motion for a new trial was not perfected. Leave to do so after filing the remittitur in the clerk of the district court's office is granted. Kreatz v. St. Cloud School District (Minn.) 81 N. W. 533. If such motion is not made, judgment is directed to be entered on the directed verdict for the plaintiff.

The judgment is reversed, and the cause remanded for further proceedings. All concur.