People ex rel. Will Whitfield *v.* Richard E. Enright, Police Commissioner.

(Supreme Court, New York Special Term, December, 1921.)

Extradition — habeas corpus — criminal procedure — identity — constitutional law — regularity of process — when fugitive from justice will be surrendered — presumption as to discharge of official duties by executive — evidence — validity of indictment can be raised only on trial.

Where extradition papers are regular and contain a sufficient charge of crime, and it adequately appears that the relator is the person named in the indictment and that he was within the demanding state on the day stated in the indictment

as the date of the crime, the governor of the state in which the fugitive is found, in the discharge of the imperative duty imposed by the Constitution of the United States, must surrender the fugitive into the custody of the agent of the demanding state.

Upon the return made to a writ of habeas corpus, that relator was held under and by virtue of a rendition warrant issued by the governor of the state of New York authorizing and commanding the arrest of relator and his surrender to the agent of the state of North Carolina, as a fugitive from its justice, the only questions before the court are whether the relator is unlawfully deprived of his liberty and whether the governor of this state in honoring the demand for relator's surrender, has acted without authority of law.

The relator is bound to overcome the presumption that the governors of the two states have performed their duties under the laws of the United States, and it is not enough for him to show that the indictment is defective under the laws of New York.

Where the name of the relator and that of the person named in the rendition warrant are identical, the presumption of *idem sonans* arises.

An extradition proceeding is a summary one to be kept within narrow bounds, and, where the papers required by the statute are in proper form, the only evidence admissible is such as tends to prove that the alleged fugitive from justice was not in the demanding state when the crime charged in the indictment against him is alleged to have been committed.

What motive induced the relator, a negro, to leave the state of North Carolina, the demanding state, is wholly immaterial, and even if it be assumed to be true that his only reason for leaving the state was because he was threatened with mob violence, he is none the less a " fugitive from justice " within the meaning of the constitutional and statutory provision concerning extradition.

The point that the indictment is invalid because, in violation of the Constitution of the United States and of the Constitution and laws of the demanding state, negroes were excluded from the grand jury which found the indictment, is a matter which can be raised only on the trial of the indictment.

*Matter of Wood,* 140 U. S. 278, followed.

WRIT of habeas corpus.

29

Lavelle, Shields, Waring & Lovelace (Henri W. Shields, of counsel), for writ.

Edward Swann, district attorney, Felix C. Benvenga and John Caldwell Myers, opposed.

BURR, J. This is a writ of habeas corpus sued out in an extradition proceeding. The relator is a fugitive from the justice of the state of North Carolina, having been indicted in Onslow county, N. C., for the crime of assault with a deadly weapon with intent to kill, alleged to have been committed on January 6, 1921.

The return to the writ is that the relator is held in custody under and by virtue of a rendition warrant issued by the governor of the state of New York on July 9, 1921, authorizing and commanding the arrest of the relator and his surrender to the agent of the state of North Carolina.

The extradition warrant was issued by the governor of the state of New York pursuant to a requisition made by the governor of North Carolina. The requisition was accompanied by a copy of a bill of indictment which the governor of North Carolina certified was authentic and duly authenticated in accordance with the laws of the state of North Carolina. The governor of North Carolina also certified that the offense charged in the indictment was a crime against the laws of that state.

The relator has filed a traverse to the return setting up numerous grounds relied upon to sustain the writ of habeas corpus.

The indictment which accompanied the requisition is in due form and sufficiently charges the relator, Will Whitfield, with having committed a crime against the laws of North Carolina. The relator admits that his name is Will Whitfield, that he was within the state of

North Carolina on January 6, 1921, the date on which the crime is alleged to have been committed, and that he subsequently left the state of North Carolina and came to the state of New York. This being so the state of New York is under the duty of surrendering the relator to the agent of the state of North Carolina.

In this proceeding the court can only inquire into the questions of whether there is a sufficient charge of a crime, whether the relator is the person named in the indictment and whether the relator was in the demanding state on the day that the crime is alleged to have been committed. No other questions can be raised or considered. Even if it be true, as asserted by relator in his traverse, that colored persons were excluded from the grand jury which found the indictment, that the relator left the state of North Carolina to escape mob violence and that there is danger that he will not have a fair trial if he is surrendered to the North Carolina authorities, those facts do not entitle him to relief on habeas corpus. The state of New York is under the duty of surrendering the fugitive to the agent of the state of North Carolina and the rendition warrant of the governor of New York must be executed for that purpose. U. S. Const. art. IV, § 2; U. S R. St. § 5278; Code Crim. Pro. § 827; *Biddinger* v. *Commissioner of Police of the City of New York*, 245 U. S. 128; *Appleyard* v. *Mass.*, 203 id. 222, 227, 228.

When the papers are regular and contain a sufficient charge of crime and it sufficiently appears that the relator is the person named in the indictment and that he was within the demanding state on the day which the indictment alleges as the date of the crime, the governor of the state in which the fugitive is found is under the duty of surrendering the fugitive into the custody of the demanding state. This duty,

which is imposed by the Constitution of the United States, is imperative.

The only questions before the court are whether the relator is unlawfully deprived of his liberty, and whether the governor of this state in honoring the demand of the foreign state has acted without authority of law. It is not enough for the relator to show that the indictment is defective under the laws of this state; he is bound to overcome the presumption that the governors of the two states have performed their duties under the laws of the United States. *People ex rel. Marshall* v. *Moore,* 167 App. Div. 478.

Upon petition by a person charged with being a fugitive from justice for a writ of habeas corpus, the identity of the name of such person with the name of the person named in the rendition warrant raises a presumption that the persons are the same. *People ex rel. Teitelbaum* v. *Ryan,* 181 App. Div. 404.

The proceeding is a summary one, to be kept within narrow bounds. When the extradition papers required by statute are in the proper form, the only evidence sanctioned by the United States Supreme Court as admissible is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed. *Biddinger* v. *Commissioner of Police of the City of New York,* 245 U. S. 128, 135.

The relator contends that he is not a fugitive from justice and, therefore, is not subject to extradition because he left the state for the purpose of avoiding mob violence. Even if it be assumed to be true that the relator did leave the state because he was threatened with mob violence and that that was his only reason for leaving, he is none the less a fugitive from justice within the meaning of the constitutional and statutory provisions concerning extradition.

In *Biddinger* v. *Police Commissioner, supra,* it was held " That a person indicted in due form for an offense against the laws of a State, who was present in that State at the time when the offense is so alleged to have been committed and subsequently leaves it, becomes, within the meaning of the Federal Constitution and laws, a fugitive from justice."

And it is wholly immaterial what motive induced the departure. *Drew* v. *Thaw,* 235 U. S. 432, 439. See, also, *Appleyard v. Mass.,* 203 U. S 222.

The relator in this proceeding is a negro. It is contended that the indictment is invalid because in violation of the Constitution and laws of the state of North Carolina and in violation of the Constitution and laws of the United States negroes were excluded from the grand jury which found the indictment.

This point cannot be raised in this proceeding. It is a matter which the defendant can raise only in the courts of the state of North Carolina when he is brought to trial there under the indictment which is the basis for his extradition.

In *Matter of Wood,* 140 U. S. 278, the court laid down the following rules: " When the statutes of a state do not exclude persons of African descent from service as grand or petit jurors, a person accused in a state court of crime, who desires to avail himself of the fact that they were so excluded in the selection of the grand jury which found the indictment against him, or of the petit jury which tried him, should make the objection in the state court during the trial, and, if overruled, should take the question for decision to the highest court to which a writ of error could be sued out from this court; and failing to do so, he cannot have the adverse decision of the state court reviewed by a Circuit Court of the United States upon a writ of habeas corpus."

It is true that the *Wood* case was not an extradition proceeding, but the principle upon which the decision in that case was based was that an objection to an indictment on the ground that persons of African descent were excluded from the grand jury can be raised only in the trial court.

The courts of this state cannot undertake to sit in judgment upon the methods or procedure followed in a sister state in administering the laws of the sister state. Any objection to such methods and procedure must be made in the courts of the sister state.

It must be assumed that relator will have a fair trial in North Carolina.

Relator contends that he should not be surrendered to the agent of the state of North Carolina because he will be in danger of mob violence there and if brought to trial will not have a fair trial.

This court cannot go into that question in this proceeding. The courts of this state cannot impugn the motives of the authorities of the state of North Carolina by conducting an inquiry into the question of whether the fugitive will be accorded protection and given a fair trial in that state. We are *bound* to assume that the authorities of the state of North Carolina will do their full duty to the prisoner, will give him ample protection and accord him all his legal rights. We are not dealing here with a foreign power but with a sister state of the Union whose sovereignty is equal to our sovereignty, and who is entitled to our full confidence. See *Marbles v. Creecy,* 215 U. S. 63; *Commonwealth v. Philadelphia Prison,* 220 Penn. St. 401; *Ex Parte Swearingten,* 13 S. C. R. 74; 2 Moore Extradition, § 617; *People ex rel. MacSherry v. Enright,* 112 Misc. Rep. 568.

Writ dismissed.