THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS H. HAYES, Respondent, v. GEORGE V. MCLAUGHLIN, as Police Commissioner of the City of New York, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Habeas corpus — extradition — indictment — foreign indictment sufficient to sustain issuance of warrant on demand for extradition where it charges crime, however inartificially — problem of its sufficiency as a criminal pleading remitted to courts of jurisdiction where indictment was presented.

1. Upon return to a writ of habeas corpus, issued to inquire into the validity of the detention of relator under a warrant issued by the Governor in extradition proceedings, the question is not whether the indictment of the relator in the demanding State is sufficient as a criminal pleading but whether he has been in fact, however inartificially, charged with crime in that State. Unless the indictment is so

frivolous or contradictory as to be a presentment of innocence rather than crime, our courts do not go beyond the documents when flight is once established.   The test is whether the substance of criminality is lacking altogether.   (*People ex rel. de Martini* v. *McLaughlin*, 243 N. Y. 417, distinguished; *People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182, limited.)

2. Where, therefore, upon examination of a foreign indictment, attacked on the ground that it fails to state the semblance of a crime, it cannot be said that it is inadequate in a broad and practical sense to state the substance of a crime and the claimed defect involves the technicalities of criminal pleading, presenting a problem highly controversial, the question of its validity must be remitted to the courts of the jurisdiction where the indictment was presented.

*People ex rel. Hayes* v. *McLaughlin*, 220 App. Div. 818, reversed.

(Argued January 16, 1928; decided February 14, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 10, 1927, which affirmed an order of Special Term sustaining a writ of habeas corpus and discharging the relator from custody.

*Joab H. Banton, District Attorney* (*George Gordon Battle, Isaac H. Levy* and *Michael J. Driscoll* of counsel) for appellant.   It is not necessary that the indictment should do more than contain a charge of the crime which has been committed.   (*Matter of Strauss,* 197 U. S. 324; *Pierce* v. *Creecy,* 210 U. S. 387; *Compton* v. *Alabama,* 214 U. S. 1; *Morse* v. *United States,* 267 U. S. 83; *Henry* v. *Henkel,* 235 U. S. 219; *Hogan* v. *O' Neill,* 255 U. S. 55.)   The conspiracy indictment contained a sufficient charge of the crime of conspiracy.   (*Drew* v. *Thaw,* 235 U. S. 439; *Grenada Lumber Co.* v. *Mississippi,* 217 U. S. 440; *Williamson* v. *United States,* 207 U. S. 447; *Nash* v. *United States,* 229 U. S. 377; *International Harvester Co.* v. *Kentucky,* 234 U. S. 216; *United States* v. *Amer. Tobacco Co.,* 221 U. S. 179; *Ex parte Reggel,* 114 U. S. 650; *Hammerschmidt* v. *United States,* 265 U. S. 188; *People* v. *Hegeman,* 57 Misc. Rep. 304.)

*Harold Harper* and *Benjamin A. Matthews* for respondent. The relator is not substantially charged with the crime of conspiracy. (*People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417; *United States* v. *Cruikshank,* 92 U. S. 542; *Lambert* v. *People,* 9 Cow. 578; *Brenner* v. *United States,* 287 Fed. Rep. 636; *Pettibone* v. *United States,* 148 U. S. 197; *State* v. *Van Pelt,* 136 N. C. 633; *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182.) The inquiry whether the relator is substantially charged with crime by the conspiracy indictment is open upon this proceeding. (*Roberts* v. *Reilly,* 116 U. S. 80; *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182; *People ex rel. Draper* v. *Pinkerton,* 77 N. Y. 245; *People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417; *People ex rel. Cornett* v. *Warden,* 60 Misc. Rep. 525; *Ex parte Slauson,* 73 Fed. Rep. 666; *People ex rel. Plumley* v. *Higgins,* 109 Misc. Rep. 328; *Matter of Waterman,* 29 Nev. 288.)

CARDOZO, Ch. J. The relator is charged to be a fugitive from the public justice of the State of North Carolina. A requisition for his rendition has been honored by the Governor of New York. His discharge has been ordered upon the return to a writ of habeas corpus. The question is whether there has been a sufficient charge of crime.

The relator is under indictment in North Carolina for the crime of conspiracy. He is also under ind ctment for the crime of larceny in obtaining property from one Clemmons by the aid of false pretenses. There is an affidavit charging him with a similar crime in fraud of one Sellers. As to the second and third charges the courts below have held that at the times when these crimes are said to have been committed, the relator was in New York, and hence immune from extradition as a fugitive from justice (*People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176; 188 U. S. 691). As to the first charge, his presence in the demanding State is conceded, but the indictment has been condemned as failing to state the semblance of a crime.

The following is the indictment thus found to be inadequate:

" SUPERIOR COURT, OCTOBER TERM A. D. 1925
" STATE OF NORTH CAROLINA, }
          Brunswick County.         }

" The Jurors for the State Upon Their Oath Present, That Thomas H. Hayes and R. J. Anderton late of the County of      on or about the 30th day of October, in the year of Our Lord one thousand nine hundred and twenty-three, with force and arms, at and in the County aforesaid, did unlawfully and wilfully, wickedly, designedly, with deceit, and intent to defraud by divers false pretenses and undue means, did conspire and agree to, and with each other, and with other parties, to the Jurors unknown, to deceive and defraud The Fisheries Products Company, a corporation, or its stockholders present and prospective, and pursuant to said unlawful agreement and conspiracy, did commit various and sundry overt acts at and in said County, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

                              " KELLUM
" [SEAL]                                    *Solicitor*
" A True Copy
      " (Signed)   A. T. MCKEITHAN,
                        CSC."

The question decisive of this appeal is not whether the indictment of the relator is sufficient as a criminal pleading. The question is whether " the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled " (*Pierce* v. *Creecy*, 210 U. S. 387). A grand jury in North Carolina has said that what has been charged against him is there a crime. The Governor has said the same. Unless a reasonable basis for what they say is lacking altogether, unless the indictment is so frivolous or contradictory as to be a presentment

[247 N. Y. 238]    Opinion, per CARDOZO, Ch. J.    [Feb.,

of innocence rather than of crime, we do not go beyond the documents when flight is once established. Doubt, if there is any, must be resolved in the demanding State (*Hogan* v. *O'Neill*, 255 U. S. 52, 55; *Drew* v. *Thaw*, 235 U. S. 432, 439; *Munsey* v. *Clough*, 196 U. S. 364, 373).

We cannot say of this indictment that it is inadequate in a " broad and practical sense " (*Pierce* v. *Creecy, supra,* p. 402) to state the substance of a charge of crime. In so holding we assume that it is subject to demurrer under the rules of criminal pleading prevailing in New York. The test, of course, is different. The test is rather this, whether the substance of criminality is lacking altogether when substance is determined by any standard of penal justice that can rationally be supposed to prevail in the demanding jurisdiction. The main defect is said to be the failure to define the unlawful means whereby the conspirators combined to effectuate their purpose to defraud. The necessity for such an averment, if it be assumed, is one of the niceties of criminal pleading. Courts in different jurisdictions have solved the problem differently. The solutions have been coupled with distinctions and exceptions. In this State, the subject had its first consideration in the early case of *Lambert* v. *People* (9 Cow. 578). SAVAGE, Ch. J., in the Supreme Court held an indictment good, though the aim of the conspiracy was not criminal and the means were stated generally to be unlawful without other definition. There was much discussion of the ancient learning with its subtle distinctions between cheats and false pretenses. On appeal to the Court of Errors, the court was equally divided. SPENCER, Senator, wrote that the indictment was bad, and STEBBINS, Senator, that it was good. The President gave a casting vote with the result that the indictment fell. The closeness of the division attests the measure of the doubt. The courts of England have held differently (*Rex* v. *Gill*, 2 B. & Ald. 204; *Sydserff* v. *R.*, [1847] 11 Q. B. 245; 9 Halsbury, Laws of England,

p. 709, § 1401; cf. *People ex rel. Lawrence* v. *Brady,*
56 N. Y. 182, at p. 190). So, it seems, have the courts
in some of our sister States (2 Bishop, Crim. Law, §§ 198,
199, 200; 3 Bishop, New Crim. Proc. § 216). It is one
of the battlefields of the law.

If there is need to emphasize the conflict, the emphasis
is found when we turn to the courts of North Carolina,
the courts of the demanding State. We find there
a series of decisions holding, or seeming to hold, that
an indictment for conspiracy to defraud is not subject to
demurrer for its silence as to the means (*State* v. *Howard,*
12 N. C. 584; *State* v. *Brady,* 107 N. C. 822; *State* v.
*Younger,* 129 N. C. 357). We find other and later judg-
ments explaining and perhaps qualifying the earlier
decisions (*State* v. *Van Pelt,* 136 N. C. 633; *State* v.
*Gulledge,* 173 N. C. 746). The indictments in the later
cases were not for conspiracy to defraud, but for con-
spiracy to injure another in his business by the publication
of a blacklist, not shown to be wrongful. The courts of
North Carolina, and not this court, should say whether
this indictment is to have a place in the one group or the
other. There may be distinctions to be developed,
depending upon the aim of the conspiracy. If that ground
of distinction is rejected, there may be a discovery of
others. There may even be a reversion to the rulings
of the earlier type. These questions are not for us.
A problem highly controversial, involving the techni-
calities of the law of pleading, must be remitted to the
courts of the jurisdiction where the indictment was
presented. " If more were required it would impose
upon courts, in the trial of writs of habeas corpus, the duty
of a critical examination of the laws of States with whose
jurisprudence and criminal procedure they can have only
a general acquaintance " (*Pierce* v. *Creecy, supra,* at
p. 405).

Two cases in this court are cited in support of the
contention that the indictment is subject to a closer

scrutiny (*People ex rel. de Martini* v. *McLaughlin*, 243 N. Y. 417; *People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182). Both are cases where the basis of the requisition was not an indictment but a mere complaining affidavit. " The finding of an indictment presupposes the testimony of witnesses before a grand jury, and is thus a safeguard against a removal that is ignorant or wanton " (*People ex rel. de Martini* v. *McLaughlin, supra*). In the later of the two cases (*People ex rel. de Martini* v. *McLaughlin*), the affidavit, attempting to charge the prisoner as an accessory after the fact, did not even state that he had knowledge of the guilt of the principal. Its weakness as contrasted with an indictment was accentuated by the fact that it was made upon information and belief without description of the sources of the information or the grounds of the belief. We held the process void in view of the cumulative weight of these defects and others. In the earlier case (*People ex rel. Lawrence* v. *Brady, supra*), the decision was made in 1874, before the law of interstate rendition had been stated by the Supreme Court as clearly and authoritatively as has been done in recent judgments. Even so, the ruling did not escape criticism when announced (*People ex rel. Jourdan* v. *Donohue*, 84 N. Y. 438, 441; *Leary's Case*, 6 Abb. N. C. 43, 44; 2 Moore, Extradition, 1030), and has been narrowly confined to situations closely parallel (*People ex rel. Marshall* v. *Moore*, 167 App. Div. 479; 217 N. Y. 632). We refuse to extend it to arrest upon indictment.

The order of the Appellate Division and that of the Special Term should be reversed, the writ dismissed, and the relator remanded.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.