## BROWN v. FITZGERALD, Sheriff, et al.
### No. 6014.

Circuit Court of Appeals, Ninth Circuit.
April 8, 1930.

871

William F. Humphrey, Robert E. Fitzgerald and Morgan J. Doyle, all of San Francisco, Cal., Inman & West, of Sacramento, Cal., and John J. Sullivan, of Seattle, Wash., for appellant.

Milton T. Farmer, Philip H. Angel, and Athearn, Chandler & Farmer, and Frank R. Devlin, all of San Francisco, Cal., for appellees.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The appellant is in custody under an extradition warrant issued by the Governor of California upon the requisition of the Governor of Washington upon an indictment alleging, or attempting to allege, the commission of a felony in violation of the provisions of section 56 of the State Banking Act of Washington passed in 1917 (Laws of Washington, 1917, p. 299, § 56, now embodied in Remington's Comp. Stats. of Washington of 1922, § 3263). This section is as follows:

"Every person who shall knowingly subscribe to or make or cause to be made any false statement or false entry in the books of any bank or trust company or shall know-ingly subscribe to or exhibit any false or fictitious paper or security, instrument or paper, with the intent to deceive any person authorized to examine into the affairs of any bank or trust company or shall make, state or publish any false statement of the amount of the assets or liabilities of any bank or trust company shall be guilty of a felony."

·The indictment is in five counts, each of which alleges in general terms the violation of such section as follows:

"H. P. Brown is accused by the grand jury of Grays Harbor County, duly impaneled and sworn, by this indictment, of the crime of knowingly subscribing to or exhibiting a false and fictitious paper or instrument with the intent to deceive a person authorized to examine into the affairs of a banking organization existing under and by virtue of the laws of the state of Washington."

After this general allegation the first count of the indictment states that on the 10th day of January, 1927, the appellant filed with Hayes & Hayes, Inc., bankers, a certain paper purporting to be a financial statement of appellant's assets and liabilities as of the date December 31, 1926, wherein he falsely stated his assets to be $1,005,118.52, whereas in fact they were worth $900,000 less than that amount. It is specifically alleged that this statement was made with the intention of deceiving the bank examiners authorized to examine into the affairs of such banking corporation. The second count alleged the making of similar false and fraudulent statement for a similar purpose as to the assets and liabilities of the Independence Logging Company, wherein the liabilities were understated over $750,000. The third count deals with the statement of the Humptulips Driving Company wherein the assets of the corporation were overstated over $100,000 and the liabilities understated more than $100,000. The fourth count contained similar allegations with reference to River Logging Company, and the fifth count with reference to the Humptulips Logging Company.

[2, 3] The appellant claims that the indictment does not substantially allege an offense against the laws of the state of Washington. His contention is based upon two propositions; first, that the statute only applies to officers of the bank; and, second, that it only applies to statements as to the financial condition of the bank. The appellee, on the other hand, contends that the statute applies to every person who makes a false statement with the intention of deceiving the bank examiners with reference to the affairs of a bank under examination. As the purpose

of this law is to prevent the deception of the bank examiner in his inquiries made for the purpose of ascertaining the financial condition of a bank, it is immaterial to the purpose sought to be attained by the statute whether the falsehood or false statement is made by an officer or employee of the bank or by some other person. It is obvious, however, that the false statement must have some bearing upon the condition of the bank which is the subject of the bank examiner's inquiry in order to come within the condemnation of the statute. A false statement designed to deceive the bank examiner upon some subject other than the financial condition of the bank or of the assets of the bank would not come within the purview of the statute. A false statement concerning the financial responsibility of a bank's debtor, made for the purpose of deceiving the bank examiner with reference to the resources of the bank when he examines its condition, would come within the letter and the spirit of the prohibition of the statute. The appellant points out that it is not alleged in the indictment that the false statements therein set out were made for the purpose of securing credit with the bank. He also points out that the offense of making a false statement for the purpose of securing credit from a bank is punishable by another statute of Washington (section 2620, Remington's Comp. Stats. of Washington). While it is true that section 2620 of Remington's Code deals with the crime of furnishing a false statement with the intent of thereby obtaining credit or financial rating, the offense charged in the indictment is the filing of a false statement with the intent of deceiving the bank examiner, which is or may be quite distinct from the false statement denounced in section 3263, supra, now under consideration. The question of whether or not a false instrument filed with the bank concerning the financial condition of individuals and corporations other than the bank itself is filed therewith with the intention of deceiving the bank examiner as to the condition of the bank is a question of fact. If the statements exhibited, or intended to be exhibited, to the bank examiner, relate primarily to the financial affairs of other corporations and individuals than the bank itself, it does not follow as a matter of law that such statements do not come within the purview of the law. The question is one of fact. It is not specifically charged in the indictment that the appellant, or the corporations whose financial condition he misrepresented in the statements above referred to, were debtors of the bank, or that the false statements alleged were made to the bank

for the purpose of deceiving the bank examiner as to the value of obligations to the bank which depended upon the solvency of its debtors, although it may be inferred from the allegation as to the appellant's intent to deceive the bank examiner that such is the claim of the state authorities.

A direct allegation that the purpose of the appellant in filing the false statements with the bank was to deceive the bank examiner with reference to the condition of the bank would have been appropriate and desirable, and perhaps necessary, but upon habeas corpus the scope of the inquiry as to whether the person is a fugitive from justice charged with crime is limited. Where there is an effort to set forth substantially a crime under a law of the demanding state, the court of the state of asylum will not inquire into the technical niceties of the allegations in an indictment charging crime. The indictment in the case at bar follows the language of the statute. Such an indictment is ordinarily sufficient under the laws of the state of Washington. Schilling v. Territory of Washington, 2 Wash. T. 283, 5 P. 926. Whether or not in this case the indictment, in addition to alleging the ultimate facts of the alleged crime in the terms of the statute denouncing the crime, must also allege, under section 3263, supra, of the Remington's Code of Washington, that that intended deception of the bank examiner was with relation to the financial affairs of the bank under examination, is, we think, a question of the technical nicety of pleading to be properly solved by the courts of the state in which the prosecution is pending. See, in this regard, a recent decision by the Court of Appeals of New York, People ex rel. Hayes v. McLaughlin, 247 N. Y. 238, 160 N. E. 357, 358, which deals with the duty of the courts of the state of asylum. There the court said:

"The question decisive of this appeal is not whether the indictment of the relator is sufficient as a criminal pleading. The question is whether 'the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled.' Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. Ed. 1113. A grand jury in North Carolina has said that what has been charged against him is there a crime. The Governor has said the same. Unless a reasonable basis for what they say is lacking altogether, unless the indictment is so frivolous or contradictory as to be a presentment of innocence rather than of crime, we do not go beyond the documents when flight is once established. Doubt, if there is any, must be

resolved in the demanding state. Hogan v. O'Neill, 255 U. S. 52, 55, 41 S. Ct. 222, 65 L. Ed. 497; Drew v. Thaw, 235 U. S. 432, 439, 35 S. Ct. 137, 59 L. Ed. 302; Munsey v. Clough, 196 U. S. 364, 373, 25 S. Ct. 282, 49 L. Ed. 515."

See, also, opinion by Judge Dietrich in Collins v. Traeger (C. C. A.) 27 F.(2d) 842.

In Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 718, 52 L. Ed. 1113, with reference to the functions of a court upon a habeas corpus proceeding involving the validity of extradition proceedings, it is said:

"The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled."

In Pearce v. State of Texas, 155 U. S. 311, 15 S. Ct. 116, 117, 39 L. Ed. 164, the Supreme Court, in considering the validity of a requisition, declared the law as follows:

"Our position upon this question is that if it reasonably appears upon the trial of the habeas corpus that the relator is charged by indictment in the demanding state, whether the indictment be sufficient or not under the law of that state, the court trying the habeas corpus case will not discharge the relator because of substantial defects in the indictment under the laws of the demanding state. To require this would entail upon the court an investigation of the sufficiency of the indictment in the demanding state, when the true rule is that if it appears to the court that he is charged by an indictment with an offense, all other prerequisites being complied with, the applicant should be extradited."

In Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 139, 59 L. Ed. 302, where an extradition was ordered under an indictment by grand jury, it was said:

"When, as here, * * * the demand in due form, the indictment by a grand jury for what it and the governor of New York allege to be a crime in that state, and the reasonable possibility that it may be such, all appear, the constitutionally required surrender is not to be interfered with by the summary process of habeas corpus upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place."

Under these authorities the indictment under consideration is a sufficient charge of crime for extradition purposes.

Order affirmed.