[Civ. No. 4130.   Third Appellate District.—June 23, 1930.]

S. C. CAINE, Respondent, v. L. O. FOREMAN, Appellant.

Stick, Moerdyke & Gibson and John C. Stick for Appellant.

Youngworth, McClean & Hartman and Milton A. Krug for Respondent.

PLUMMER, J.—The plaintiff, as assignee of the Credit Utility Corporation, obtained judgment in this action against the defendant as an indorser, in the sum of $6,000, balance due upon a promissory note for the principal sum of $10,000, executed by the Cox-Klemin Aircraft Corporation. From this judgment the defendant appeals.

Upon this appeal two grounds are relied upon by appellant as sufficient reasons for reversal: 1st. That there is no evidence that the note in controversy was, at the date of its maturity, presented to the Cox-Klemin Aircraft Corporation, the party primarily liable for payment, or that demand for payment was made of the corporation at maturity, or at any other time. 2d. That there is no evidence that the alleged presentation to the Bank of Manhattan Co., College Point, Long Island, was made by the holder of the note, or one authorized to receive payment.

The note involved in this action was expressly made payable at the Bank of Manhattan Co., College Point, Long Island. It was indorsed by the defendant and forwarded to Nathan A. Smyth in New York City, for the uses and purposes of the Cox-Klemin Aircraft Corporation in its financial transactions. The note is in the following words and figures:

"10,000.00                         New York, July 24, 1925.

"Sixty days after date we promise to pay to the order of Ourselves, Ten Thousand and no/100 Dollars at Bank of Manhattan Co., College Point, L. I.

"Cox-Klemin Aircraft Corp.,
"L. Charles Cox, Pres.

"Value Received
   "Due 9–22–25."

On the reverse side it is indorsed as follows:

"Cox-Klemin Aircraft Corp.
   "L. Charles Cox, Pres.
   "L. Charles Cox
   "I. O. Foreman."

Upon this note it appears that $4,000 only of the principal sum due has been paid.

The following facts, as stated by respondent's counsel, are practically uncontradicted: The note was signed and delivered as a valid obligation. It fell due on September 22, 1925. Prior to maturity it was deposited with the American Trust Company of New York for collection. On September 22, 1925, during business hours of that day, a notary public, being an employee of the American Trust Company of New York, the holder of said application, delivered the note to one Meehan, also an employee of the American Trust Company of New York, who carried the note to the Bank of Manhattan Co., College Point, Long Island, where the note was made payable, and there presented it to the Bank of Manhattan Co. during business hours, and demanded payment. The note was delivered to the paying-teller at the Bank of Manhattan Co., College Point, Long Island. Payment was refused for the reason that the Cox-Klemin Aircraft Corporation did not have on deposit with the Bank of Manhattan Co. sufficient funds to pay the same. The evidence clearly establishes that at no time during the day of September 22, 1925, did the Cox-Klemin Aircraft Corporation have on desposit in the said Bank of Manhattan Co. any sum of money greater than $2.36. The note was not presented for payment to the makers thereof, other than at the Bank of Manhattan Co., where the makers agreed by the terms of the note that payment was to be made. When payment was refused, it appears

that Meehan returned the note to Mulledy, heretofore referred to as the notary public, and an employee of the American Trust Company. Mulledy then wrote across the face of the note the following words: "Protested September 22, 1925. Walter F. Mulledy, Notary Public." Notices of protests were made out and mailed to the maker and the defendant in this action as an indorser of the note.

Upon this state of facts it is urged by the appellant that no sufficient presentation for payment was ever made upon the parties primarily liable and also that no notice of dishonor or nonpayment was ever made to the defendant as an indorser.

We will consider first the question of the presentation of the note for payment. Section 3153 of the Civil Code reads as follows: "Presentment for payment, to be sufficient, must be made—1. By the holder or some person authorized to receive payment on his behalf; 2. At a reasonable hour on a business day; 3. At a proper place, as defined herein; 4. To the person primarily liable on the instrument, or if he is absent or inaccessible, to any person found at the place where the presentment is made." Section 3156 of the Civil Code reads as follows: "Where the instrument is payable at a bank, presentment for payment must be made during banking hours, unless the person to make payment has no funds there to meet it at any time during the day, in which case presentment at any hour before the bank is closed on that day is sufficient." Section 3168 of the Civil Code is also applicable to this case. This section reads: "Where the instrument is made payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon." The contention is advanced by the appellant that section 3156 must be so read as to include within its meaning that there must not only not be sufficient funds deposited by the payee in the bank at which the note is made payable, but also that the payee, or someone representing the payee, is not to be found at the bank, ready and willing to pay the note. Hence, the conclusion that as the note in question was only presented to the bank for payment, and no inquiry or investigation was made as to whether the payee was present, or whether someone repre-

senting the payee was present, ready and willing to pay the note, sufficient presentment of the note for payment has not been shown. We do not think that the sections which we have read admit of any such construction. The sections are to be read together. By making the note payable at the bank, the note becomes, by the very terms of section 3168 of the Civil Code, an order upon the bank to pay the same. It is the equivalent of a check on the bank signed by the payee, and the argument that if the bank were to pay the note under such circumstances, it would stand in the position merely of a holder in due course, is utterly without merit. By making the note payable at the bank, the whole intendment of the transaction is that on the date of maturity, the payee will have on deposit at the bank the necessary funds to discharge the note, or the amount due thereon. And, likewise, that authority is given to the bank to make payment and charge the payee or maker of the note with the amount of such payment. There is no question in this case but that the note was presented to the Bank of Manhattan Co. during business hours, and that there was no money in the bank during the business hours of that day, to the credit of the payee of the note, in excess of the sum of $2.36. By reason of the terms of the note, subdivision 4 of section 3153 of the Civil Code has been complied with. The person primarily liable in the note in this case has designated where payment is to be made, and the paying agency and presentment to the payee's agent expressly designated in the note and under the sections referred to constitutes presentment to the principal or person primarily liable.

The objection that presentment of the note was not made by a proper person is clearly answered by the text found in 8 C. J., page 565, section 785: "Presentment of a bill or a note for payment may be made by anyone legally in possession thereof, and possession, at the time and place of payment is *prima facie* evidence of authority to demand payment." Likewise, in the same volume, page 564, section 784: "Presentment and demand may be made not only by the holder of a bill or note himself, but also by anyone having possession and authority from him to receive payment, unless there is some stipulation to the contrary, and the authority of an agent need not be in writing. However,

if the authority of a person presenting paper is questioned by the maker or the acceptor, and refusal to comply with the demand is based upon want of authority, such authority must be shown.''

The evidence in this case shows that the refusal to pay was on account of the insufficiency of funds. It nowhere appears in the record that the payee or the Bank of Manhattan Co. made any such contention at the time of presentment. It is made for the first time upon the trial. Not having been made at the time of presentment, and the refusal to pay having been based upon insufficiency of funds, we think it is now too late to question the authority of the employee of the Bank of Manhattan Co. who was given the note for the purpose of collection and receiving payment, to receive payment as the duly authorized agent of the holder of the note.

In addition to the sections of the code and the text of Corpus Juris, which we have cited, we may list the following authorities which support the sufficiency of the presentment and demand for payment of the note involved in this action: *Hoffman* v. *Hollingsworth,* 10 Ind. App. 353 [37 N. E. 960]; *Thorpe* v. *Peck,* 28 Vt. 127; *Nelson* v. *Grondahl,* 13 N. D. 363 [100 N. W. 1093]. See, also, sections 72, 73, 75 and 87 of the Uniform Negotiable Instruments Act, which, during all the time involved in this action, was in full force and effect in the state of New York and in the state of California.

The authorities which we have cited and the facts set forth in the record from which we have quoted, we think establish conclusively that the evidence is sufficient to show that the note was presented for payment at the proper place, and was also presented for payment by one who was properly authorized to receive payment. The holder of the note for collection was a corporation, and could only act by its officers and agents. The person presenting the note for payment was an employee of the corporation. The record shows that he was employed for the purpose, and among other things, of going from place to place and presenting commercial paper for payment, and demanding payment.

Under the second objection urged by appellant, it is contended that the note should have been presented for payment by a notary public. The argument is advanced

that Mulledy, the notary public, had no authority to direct Meehan, another employee of the same company, to present the note for payment. The record shows, as we have stated, that both Mulledy and Meehan were employees of the corporation that held the note for payment. Thus, both Mulledy and Meehan were agents of the bank that held the note for collection, and whichever one presented the note for payment under such state of facts would be presenting the note for payment as the agent of the holding bank.

Finally, it is argued that the protest of the note in question is invalid, in that the note was not presented for payment in person by the notary public making the protest. The language of appellant in this particular is as follows: "That presentment must be made by the notary public in person, and not by his agent, in order to support a valid protest. This rule is laid down in all of the following cases, and has been adhered to, so far as we have been able to discover, in every instance." A large number of authorities are listed in the appellant's brief as supporting this contention. All of the cases, however, are rendered inapplicable by reason of the provisions of the Uniform Negotiable Instruments Act and the statutes of this state and of the state of New York. Section 189 of the Negotiable Instruments Law of the state of New York, chapter 612, volume 1, General Laws of New York, 1897, page 743, reads as follows: "Where any negotiable instrument has been dishonored, it may be protested for nonacceptance or nonpayment, as the case may be, but protest is not required except in the case of foreign bills of exchange." Section 3199 of the Civil Code of this state is exactly in the same language. Section 118 of the Uniform Negotiable Instruments Law is couched in exactly the same words. From all of which it follows that even though the protest by the notary public in this case were to be held invalid, it would not constitute any grounds of reversal herein.

The record shows that immediately upon the dishonoring of the note, or the refusal to pay the same, the owner of the note was given notice of the nonpayment thereof; that the owner of the note, immediately upon receipt of notice of dishonor, telegraphed to the defendant in this action, giving him notice of the failure of payment, and also the fact that the note had been protested. The record also

shows that Mulledy, the notary public to whom we have referred, and the employee of the bank holding the note for collection, sent a notice by registered mail to the defendant in this action, informing him of the nonpayment of the note, and the record shows that this registered package was received in due course of mail.

Section 3172 of the Civil Code reads as follows: ''Notice of dishonor may be given by an agent either in his own name or in the name of any party entitled to give notice.'' In this case notice was given by Mulledy, the agent of the holder of the note. Notice was also given by the owner of the note. Section 3184 of the Civil Code permits notice to be given by mail. Section 3185 of the Civil Code permits of notice being given otherwise than by mail. In this case, prompt notice was given by telegraph. The different sections of the Uniform Negotiable Instruments Act relating to notice show clearly that what was done in this case complies with all of the requirements of the act. In fact, the Uniform Negotiable Instruments Act provides that a notice may either be in writing or merely oral. Section 96 thereof reads as follows: ''The notice may be in writing or merely oral, and may be given in any terms which sufficiently identify the instrument and indicates that it has been dishonored by nonacceptance or nonpayment.'' The fact of notice not really being disputed in this case, and protest not being required by either the law of this state or the laws of New York, the validity of the notary's protest becomes merely academic, as the defendant is bound by the fact of receiving sufficient notice, as we have heretofore shown, irrespective of the notary's protest.

The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.