THE PEOPLE OF THE STATE OF NEW YORK ex rel. AARON SAPIRO, Relator, *v.* JAMES S. BOLAN, Police Commissioner, Department of Police, City of New York, and / or Any Other Person Having Custody or Control of AARON SAPIRO, Defendant.

Supreme Court, New York County, September 15, 1933.

*David P. Siegel,* for Aaron Sapiro, relator.

*Thomas C. T. Crain, District Attorney [Irving J. Tell* of counsel], for the defendant.

MILLER, J.  The relator is charged with being a fugitive from the public justice of the State of Illinois.  The Governor of New York has honored the requisition for his rendition.  The relator now seeks his discharge on a writ of habeas corpus.  He contends that the requisition for his extradition is illegal and void upon the following grounds: (1) The petition for the requisition was not signed by the State's attorney; (2) the assistant State's attorney lacked the power to verify the petition in the absence of the State's attorney from the State; (3) the indictment is illegal because of the method of impaneling the grand jury; (4) the names of 580 witnesses are listed upon the indictment, and this being false invalidates the indictment; (5) the charges in the indictment, which sets forth twenty-three separate conspiracies, are vague and indefinite, and (6) the indictment set out in the requisition is technically invalid in that it is not signed by the foreman of the grand jury (the signature of the foreman of the grand jury appears on the front page of the indictment under the words: "A true bill").  It appears that the Illinois statute relating to fugitives does not require the petition for requisition to be signed by the State's attorney, but merely requires a verified petition.  The power of the assistant State's attorney to verify a petition in the absence of the chief prosecuting officer of the county rests upon the interpretation of the statutes of Illinois (Chap. 60, § 9; Smith-Hurd Ill. Rev. Stat. 1933).  A careful scrutiny of these provisions reveals no denial of the power which the assistant State's attorney has exercised or any requirement that the State's attorney must sign the petition to give validity to it.  The non-appearance of the witnesses before the grand jury was the subject of testimony taken before me upon the return of this writ.  This testimony reveals that the practice in Illinois is to indorse upon an indictment the names of all witnesses

whom the prosecuting officials intend to examine upon the trial with reference to the alleged crime, and that where a superseding indictment has been returned the names of witnesses who appear before the grand jury during the deliberations leading to the original indictment are also indorsed. The Supreme Court of Illinois has expressly held that the indorsement of such names is proper. (*People* v. *Duncan*, 261 Ill. 339, at p. 342). The objections urged by the relator go merely to the methods of procedure in the State of Illinois, and are not a subject of inquiry by the rendering State. (*People ex rel. Hayes* v. *McLaughlin*, 247 N. Y. 238; *Pierce* v. *Creecy*, 210 U. S. 387; *People ex rel. Gellis* v. *Sheriff*, 251 N. Y. 33; *People ex rel. De Martini* v. *McLaughlin*, 243 id. 417; *People ex rel. Whitfield* v. *Enright*, 117 Misc. 448.) In the case of *People ex rel. Gellis* v. *Sheriff* (251 N. Y. 33, at p. 38) Judge POUND said: "It is not for this State to apply its own rules of criminal law and procedure to the case nor to make a critical examination of the law of the demanding State to solve the problem. It cannot be said that a reasonable basis is altogether lacking for the assertion of the demanding Governor that the acts charged are made criminal in his State by statute, nor can it be said that such acts carry a universal implication of innocence, or even of no legal liability, rather than crime." The method of impaneling the grand jury cannot be assailed except in the courts of the demanding State. (*People ex rel. Whitfield* v. *Enright*, 117 Misc. 448, at p. 453; *Pearce* v. *Texas*, 155 U. S. 311, at pp. 313, 314.) In *People ex rel. Hayes* v. *McLaughlin* (247 N. Y. 238, at p. 243) the court said: "A problem highly controversial, involving the technicalities of the law of pleading, must be remitted to the courts of the jurisdiction where the indictment was presented. ' If more were required it would impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of States with whose jurisprudence and criminal procedure they can have only a general acquaintance ' (*Pierce* v. *Creecy, supra*, at p. 405). * * * ' The finding of an indictment presupposes thé testimony of witnesses before a grand jury and is thus a safeguard against a removal that is ignorant or wanton.' (See, also, *Compton* v. *Alabama*, 214 U. S. 1.)"

The question is not whether the charges set forth in the indictment of the relator are vague and indefinite. The question is whether he has in fact been charged with crime.

In *People ex rel. Hayes* v. *McLaughlin* (*supra*, at pp. 241, 242), the court said: "A grand jury in North Carolina has said that what has been charged against him is there a crime. The Governor has said the same. Unless a reasonable basis for what they say is

lacking altogether, unless the indictment is so frivolous or contradictory as to be a presentment of innocence rather than of crime, we do not go beyond the documents when flight is once established. Doubt, if there is any, must be resolved in the demanding State." (See, also, *People ex rel. MacSherry* v. *Enright*, 112 Misc. 568.) In *Pierce* v. *Creecy* (210 U. S. 387, at p. 403) the court declared: " We are not informed of any principle by which we may inquire whether an indictment, duly found, was returned in good faith."

The writ of habeas corpus is dismissed and the relator remanded to custody in execution of the Governor's rendition warrant.