[Crim. No. 412. Fourth Appellate District.—April 16, 1937.]

THE PEOPLE, Respondent, v. CLARENCE FISHER GORHAM, Appellant.

William Roy Ives for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of issuing a draft without sufficient funds in violation of section 476a of the Penal Code, and in a second count with grand theft. The two counts arose out of the same general facts. After a trial without a jury the defendant was found guilty on the first count and not guilty on the second count. From the judgment which followed this appeal is taken.

The appellant argues that he was convicted of the wrong offense and that the evidence is insufficient to sustain the judgment in that it fails to show that the draft in question was actually presented to the person named as drawee therein. The fact that the appellant could have been convicted on the second count is of no importance here, and the only question requiring consideration is whether the evidence is sufficient with respect to the matter of the presentation of the draft.

The evidence shows, without conflict, that the appellant purchased from Ira D. Putnam three pass books on a building and loan association for $3,078; that in payment therefor he gave to Putnam a sight draft for that amount drawn on "Chas. H. Gorham, c/o Walker's Bro's. Bank & Trust Co., Salt Lake City, Utah"; that he told Mr. Putnam that the draft "is good"; that the draft was presented at said bank and was returned "drawee unknown"; that the said Chas. H. Gorham did not appear at the bank to honor the draft and

that he had no funds on deposit with the bank; that Chas. H. Gorham was unknown to the bank; that officers of the bank endeavored to locate him but were unable to do so; that the draft had not been paid; and that the appellant made no attempt to make restitution after he knew the draft had been dishonored. The appellant told the police officers that Chas. H. Gorham was his son. He did not produce his son as a witness and did not himself take the stand.

If appellant's contention was to be sustained it would be a simple matter to evade the statute in question in all transactions of this kind by the simple device of drawing a draft on a person who would not appear at the place where the draft was payable. However, the statutes governing the presentation of such an instrument do not support the contention thus made. The draft in question was drawn on Chas. H. Gorham in care of a named banking institution. This was a sufficient designation of the place of payment. Section 3154 of the Civil Code provides, among other things, that presentment for payment is made at the proper place when a place of payment is specified in the instrument and it is there presented. Section 3153 of that code provides that presentment for payment is sufficient when the person primarily liable on the instrument is absent or inaccessible and the instrument is presented to any person found at the place where the presentment is made. Two other sections of the Civil Code are also applicable. Section 3163 provides that presentment for payment is dispensed with where, after the exercise of reasonable diligence, presentment as required by this title of the code cannot be made. Section 3168 provides that where the instrument is made payable at a bank it is equivalent to an order on the bank to pay the same for the account of the principal debtor.

There is ample evidence that this instrument was presented at the bank which was named as the place of payment, that the bank had no funds belonging to the drawee, and that reasonable diligence was used to locate the drawee, but without success. It not only appears that actual presentment to the drawee named could not be made after the exercise of reasonable diligence, but that the instrument was actually presented to another person found at the place of payment specified in the instrument. We find no insufficiency of the evidence in so far as the presentation of this draft is con-

cerned. (*Caine* v. *Foreman,* 106 Cal. App. 636 [289 Pac. 929] ; *Ryan* v. *State,* 60 Fla. 25 [53 So. 448].)

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.