THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALTON JOHNSON, Relator, against HERMAN J. RUTHAZER, as Warden of City Prison of the City of New York, Borough of Manhattan, Defendant.

Supreme Court, Special Term, New York County, December 14, 1950.

*David D. Jones, Jr.,* for relator.

*Frank S. Hogan, District Attorney (John F. McNeill* of counsel), for defendant.

*Eugene Cook, Attorney-General of Georgia (M. H. Blackshear, Jr.,* and *Edward E. Dorsey* of counsel), for the State of Georgia.

BENVENGA, J. This habeas corpus proceeding involves the legality of the detention of the relator as a fugitive from justice of the State of Georgia.

Admittedly, the relator, upon his plea of guilty to an indictment charging burglary was sentenced to a Georgia penitentiary and thereafter escaped therefrom. He seeks his discharge principally upon the grounds: (1) that the sentence imposed by the Georgia court was excessive, and (2) that, in execution of the sentence imposed, he was detained in solitary confinement. In other words, the relator contends that the sentence imposed and his imprisonment thereunder is in violation of the constitutional prohibition against cruel and unusual punishment (U. S. Const., 8th Amendt.; see *Weems* v. *United States,* 217 U. S. 349, 368 *et seq.*).

This contention loses sight of the limited scope of the hearing in extradition proceedings. It is well settled that the inquiry is restricted to the following salient issues: (1) whether the accused is substantially charged with the crime in the demanding State, and (2) whether he was physically present in the demanding State at the time the crime charged is alleged to have been committed (*People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441, 445; *People ex rel. Hayes* v. *McLaughlin,* 247 N. Y. 238, 242; *People ex rel. Hauptmann* v. *Hanley,* 153 Misc. 61, 63, affd. 242 App. Div. 257; *People ex rel. La Rocque* v. *Enright,* 115 Misc. 206, 212).

Since the relator is substantially charged with crime in the demanding State and admits he was in the demanding State at the time the crime charged is alleged to have been committed and thereafter escaped therefrom, he must, in accordance with the constitutional mandate (see U. S. Const., art. IV, § 2), be

delivered up to the State of Georgia (*Drew* v. *Thaw*, 235 U. S. 432, 440). "The proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest" (*Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 135). This court cannot, in a habeas corpus proceeding, hear and determine the constitutional validity of phases of the penal action by the demanding State in respect of the fugitive or his offense, or the constitutional validity of his treatment by the Georgia authorities. "If this fugitive's constitutional rights are being violated in Georgia, he can and should protect them in Georgia." (*Johnson* v. *Matthews*, 182 F. 2d 677, 680; certiorari denied 340 U. S. 828; see, also, *Dye* v. *Johnson*, 338 U. S. 864, revg. 175 F. 2d 250, and *People ex rel. Whitfield* v. *Enright*, 117 Misc. 448, 454.)

It follows that evidence as to relator's alleged cruel and unusual punishment is irrelevant and inadmissible. It is true that such evidence was received at the hearing in *People ex rel. Jackson* v. *Ruthazer* (196 Misc. 34, affd. 276 App. Div. 832, motion for leave to appeal denied 300 N. Y. 762; see, also, *United States ex rel. Jackson* v. *Ruthazer*, 181 F. 2d 588, certiorari denied 339 U. S. 980), but this was before the recent decision in *Johnson* v. *Matthews* (*supra*). In principle, the evidence would seem to be inadmissible.

The writ is accordingly dismissed and the prisoner remanded. Submit order on notice.