[Crim. No. 5319.  In Bank.  May 13, 1952.]

In re L. J. KATCHER, on Habeas Corpus.

Samuel Reisman and Bertram H. Ross for Petitioner.

S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

SPENCE, J.—Petitioner, who is held by virtue of a warrant of extradition issued by the governor of this state, seeks his release on habeas corpus.

Petitioner's sole contention is that "the requisition of the Governor of Arizona . . . on its face shows that . . . petitioner committed no crime in the State of Arizona. . . ." The requisition shows that petitioner is charged with two counts of violating section 43-2613 of the Penal Code of Arizona which provides: "Every person who . . . wilfully, with intent to defraud, makes or draws or utters or delivers to another person any check or draft on a bank, or depositary for the payment of money, knowing at the time of such making, drawing, uttering, or delivery, that he . . . has not sufficient funds in, or credit with such bank or depositary, to meet such check or draft in full upon its presentation is guilty of a crime. . . ."

The charges against petitioner are based on two instruments which petitioner allegedly delivered to one Mikel Echeverria with intent to defraud. The instruments are two sight drafts signed by petitioner and addressed in the lower left-hand corner:

> To L. Katcher
> Bank of America
> Los Angeles Calif.

It is petitioner's contention that the manner of addressing used on the drafts shows conclusively that they were not drawn on a bank or depositary for the payment of money, and that the requisition therefore shows on its face that no crime was committed in Arizona. This contention cannot be sustained.

The applicable rule was stated by Chief Judge Cardozo in *People ex rel. Hayes* v. *McLaughlin*, 247 N.Y. 238, 241 [160 N.E. 357, 358], as follows: "The question is whether 'the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled' (*Pierce* v. *Creecy*, 210 U.S. 387 [28 S.Ct. 714, 52 L.Ed. 1113]). A grand jury . . . has said that what has been charged against him is there a crime. The Governor has said the same. Unless a reasonable basis for what they say is lacking altogether, unless the indictment is so frivolous or contradictory as to be a presentment of innocence rather than of crime, we do not go beyond the documents when flight is once established. Doubt, if there is any, must be resolved in the demanding State (*Hogan* v. *O'Neill*, 255 U.S. 52, 55 [41 S.Ct. 222, 65

L.Ed. 497] ; *Drew* v. *Thaw,* 235 U.S. 432, 439 [35 S.Ct. 137, 59 L.Ed. 302] ; *Munsey* v. *Clough,* 196 U.S. 364, 373 [25 S.Ct. 282, 49 L.Ed. 515]).'' (See, also, *Brown* v. *Fitzgerald,* 39 F.2d 870, 872.)

Although some doubt may exist whether the drafts issued by petitioner were drawn ''on a bank or depositary for the payment of money,'' within the meaning of section 43-2613 of the Arizona Penal Code, it cannot be said that ''determined by any standard of penal justice that can rationally be supposed to prevail in the demanding jurisdiction'' (*People ex rel. Hayes* v. *McLaughlin, supra,* 247 N.Y. 238, 242), the drafts issued by petitioner are outside the meaning of section 43-2613. The rule in this state, and by virtue of section 1875(2) of the Code of Civil Procedure we may take judicial notice of the fact that it is likewise the rule of the State of Arizona (see §§ 52-163 of the Code of Arizona (1939)), is that ''where an instrument is payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon.'' (Civ. Code, § 3168.) Thus in *Caine* v. *Foreman,* 106 Cal.App. 636, 640 [289 P. 929], it was held that what purported to be a promissory note payable ''at a bank'' was ''the equivalent of a check,'' as under section 3168, it became ''an order upon the bank to pay the same.'' And in *Mt. Vernon National Bank* v. *Canby State Bank,* 129 Ore. 36 [276 P. 262, 63 A.L.R. 1133, 1136], a draft addressed by the drawer to itself but payable at a bank was held a check drawn on the bank.

In view of the above authorities it could reasonably be held by the courts of Arizona that the placing of the words ''Bank of America, Los Angeles, Calif.'' below the name of petitioner in the designation of the drawee meant that the drafts were to be payable at the Bank of America in Los Angeles; and that said drafts were therefore drawn ''on a bank or depositary for the payment of money'' within the meaning of section 43-2613 of the Arizona Penal Code. In the presence of a reasonable doubt we must allow such doubt to be resolved by the courts of the demanding state. (*Drew* v. *Thaw, supra,* 235 U.S. 432, 439.)

The writ is discharged and the petitioner is remanded to custody.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.